# Garvin to use *v.* Diamond Coal & Coke Co. (et al., Appellant).

*Workmen's compensation—Statute of limitations—War period—Alien enemy—Petition—Amendment of petition—Political question—Change of boundaries.*

1. A consul of a neutral country representing the interests of an enemy country has the right to file a claim petition under the Workmen's Compensation Act on behalf of subjects of the enemy country. Such a claim may be resisted if made during the war, but it is too late after the war is ended.

2. A petition filed by such consul on behalf of any and all persons who might be entitled to receive compensation on account of the death of a subject of the enemy country killed in the course of his employment, is sufficient in form, inasmuch as it may be amended by a later petition setting forth the names and ages of the children of the deceased.

3. Where, after such petition has been filed, but before a treaty has been concluded with the enemy country, the consul of a republic, formed from a portion of the enemy country of which portion deceased was a native, files a second petition based on the same claim, and the case is heard on the merits, the defendant cannot set up as a defense the statute of limitations.

4. In such case defendant cannot allege that, as the United States recognized the republic over a year prior to the declaration of peace with the enemy country, the beneficiary ceased to be alien enemies, and were bound to file their petition within a year from the recognition of the republic.

5. Such a claim raises a political and not a judicial question, of which the courts cannot take cognizance, and especially is this the case where there is nothing to show that the locality of the decedent's birth was embraced within the limits of the new republic.

6. In the absence of any adequate political action recognizing a change of boundaries, the courts cannot assume the place in question ceased to be enemy territory until the war ended.

7. There is a distinction between the recognition of a revolutionary people and the territory which they may acquire.

8. If it should be assumed that the recognition of the republic created the beneficiaries friendly subjects, then as the first petition was filed within the year, their rights could not be disputed.

Argued October 8, 1923. Appeal, No. 171, Oct. T., 1923, by defendant, the Ætna Life Insurance Co., insurance carrier, from judgment of C. P. Allegheny Co., April T., 1923, No. 2205, affirming decision of Workmen's Compensation Board, in case of Francis P. Garvin, A. P. C., to use of minor children of Ivan Lyach v. Diamond Coal & Coke Co., and Ætna Life Insurance Co., insurance carrier. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board, awarding claim on hearing de novo. Before REID, J.

The opinion of the Supreme Court states the facts.

The court overruled exceptions, dismissed the appeal and entered judgment for plaintiff. The Ætna Life Insurance Co., insurance carrier, appealed.

*Errors assigned* were, inter alia, order and judgment, quoting record.

*John M. Reed*, of *Reed & Blair*, for appellant.—A valid claim petition was not filed within the time required by the Workmen's Compensation Act.

The Swedish vice-consul was without authority to file a claim petition: Siplyak v. Davis, 276 Pa. 49.

The claimants were not alien enemies: Oetjen v. Leather Co., 246 U. S. 297; Jones v. U. S., 137 U. S. 202; Underhill v. Hernandez, 168 U. S. 250; Waldes v. Basch, 179 N. Y. Sup. 713; Kolundjija v. Mining Co., 193 N. W. 163.

*John Kulamer,* for appellee.—It is not material in what form the claim petition appears, as long as it presents a demand or claim for an injury that, on the facts as stated, appears to be compensable: Horn v. R. R., 274 Pa. 42.

OPINION BY MR. JUSTICE WALLING, January 7, 1924:

On May 29, 1918, Ivan Lyach, a subject of Austria-Hungary, was accidentally killed in Allegheny County, while in the course of his employment by defendant, the Diamond Coal & Coke Company. He was survived by minor children, residents of Lukova, Bereg County, Hungary. The United States, having declared war against that country in December, 1917, its interests here were in charge of the Acting Royal Vice-Consul of Sweden, who, on May 8, 1919, filed in the proper office, a claim petition on behalf of any and all Austro-Hungarian subjects who might be entitled to receive compensation on account of the death of Lyach. The petition, while informal, presented the substance of a claim, and to it defendant filed a responsive answer. The referee, to whom the case was referred, set May 23, 1919, for a hearing, but it was postponed and no further action had until November 16, 1921, when the consul at Pittsburgh of the Czechoslovak Republic filed a petition with the compensation board, setting out the names and ages of Lyach's children, and praying that the same be added by amendment to the original petition, and that petitioner be substituted as their official representative. This petition was granted and the case was heard before a referee, from whose award in favor of the claimants defendant appealed to the compensation board, where a rehearing was had and the decision of the referee upheld. Defendant then took the case before the common pleas, with a like result; whereupon the insurance carrier, who had intervened as a defendant, brought this appeal.

The right of a consul to file a claim petition on behalf of the subjects of the country he represents is given in

section 310 of the Workmen's Compensation Act of 1915, P. L. 746, and cannot be doubted; in fact no objection is here made on that ground. In Siplyak v. Davis, Director Gen., 276 Pa. 49, we hold the limitation of one year for filing a claim petition, provided in section 315 of the act above cited (p. 748), is suspended as to alien enemies so long as a state of war exists between the United States and their country. The reasons for the rule, as well as the authorities supporting it, are there fully stated by Mr. Justice FRAZER and need not be here repeated. The effect of that decision is that the war, declared as above stated, continued until ratification of the peace treaties between this country and Austria and Hungary in the fall of 1921, and that the running of the statute of limitations was suspended until then.

Appellant contends, however, that Lukova became a part of the territory of the Czechoslovak Republic, a friendly nation, in October, 1918, whereby the beneficial claimants here ceased to be alien enemies. This raises a political rather than a judicial question. "Who is the sovereign, de jure or de facto, of a territory is not a judicial, but a political question, the determination of which by the legislative and executive departments of any government conclusively binds the judges, as well as all other officers, citizens and subjects of that government": Jones v. United States, 137 U. S. 202; see also Foster v. Neilson, 2 Peters 254, 8 Curtis 108; Oetjen v. Central Leather Co., 246 U. S. 297; The Protector, 12 Wallace 700; United States v. Palmer, 3 Wheaton 610; Williams v. Suffolk Ins. Co., 13 Peters 415; Galston v. Hoyt, 1 Johns. Ch. 543. We have examined the documents, etc., called to our attention, to ascertain, inter alia, the action taken by our government and find it did, in September, 1918, recognize the existence of such republic, and later sent a representative thereto. At the time of such recognition, however, the republic had an army in the field but no territory and, so far as appears, the United States never recognized the territory here in

question as that of the Czechoslovak Republic. The mere fact that such a republic was recognized proves nothing as to territory, especially as to that claimed to have been thereafter acquired. Furthermore, no treaty between any nations touching the territory here in question, made in time to affect this litigation, has been called to our attention. In the absence of adequate political action recognizing a change of boundaries, we cannot assume the place in question ceased to be enemy territory until the war ended. An opposite conclusion is reached in two cases, cited by appellant, viz: Kolundjija v. Hanna Ore Mining Co. (Minn.), 193 N. W. 163, and Waldes et al. v. Basch, 179 N. Y. Sup. 713. The former, however, was by a divided court and in the latter such conclusion was not necessary to a decision of the case, for as some of the plaintiffs were alien enemies, being subjects of Germany, the suit failed without reference to the status of the other plaintiffs. Notwithstanding these authorities, for which we have great respect, there is, in our opinion, a distinction between the recognition of a revolutionary people and the territory which they may acquire.

In any event, the claim filed by the Acting Royal Vice-Consul of Sweden, within the year, and later amended, tolled the statute. True, if the beneficiaries were then subjects of an alien enemy country, their right to bring suit might have been successfully resisted (Siplyak v. Davis, Director Gen., supra, and authorities there cited; also 40 Cyc. 328), but no such objection was made, and it is too late to make it now as the war is ended: Hammersley v. Lambert, 2 Johns. Ch. (N. Y.) 508; Taylor v. Albion Lumber Co. (Cal.), L. R. A. 1918 B 185 and note, p. 193.

If claimants were then the subjects of a friendly nation, the claim filed by the Swedish vice-consul was still valid, for no one questioned his right to do so, and it was ratified by the consul of the Czechoslovak Republic on behalf of the Lyach children. The original petition was good in substance and the amendment thereto was prop-

erly allowed. "An amendment which merely expands or amplifies what was alleged in support of the cause of action asserted in the original complaint relates back to the commencement of the action and is not affected by the intervening lapse of time": Seaboard Air Line v. Renn, 241 U. S. 290. A claim petition filed on behalf of the dependents of a deceased employee, although it fails to set out their names and ages, will toll the statute of limitations, if otherwise sufficient, as the omission may be cured by amendment. In Horn v. Lehigh Valley R. R. Co., 274 Pa. 42, we hold, inter alia, that: "It is not material in what form the claim appears, as long as it presents a demand or claim for an injury that, on the facts as stated, appears to be compensable."

The assignments of error are overruled and the judgment is affirmed.

See also next two cases.