# Vitkovic *v.* Pennsylvania Clay Co., Appellant.

*Workmen's compensation—Statute of limitations—Effect of filing petition—Alien enemy.*

1. The statute of limitations incorporated in the Workmen's Compensation Act is tolled by the filing of a proper petition by one of the parties within the year, and there is no requirement that the final award be made on the petition as so filed; it may be amended or a new petition substituted, so long as the cause of action remains.

2. The object of the statutory requirement is to give notice of the claim, so that employers may know the period of time they may be called upon to respond for just claims.

3. Where the consul of a country representing an enemy country files during the war period a claim under the Workmen's Compensation Act for the death of a subject of the enemy country, and after the war the widow on returning to this country files a second petition in her own name based on the same claim, defendant employer, after having secured the dismissal of the first petition, and after a hearing on the merits, cannot set up the statute of limitations as a defense.

4. In such case it is proper to allow the claimant, until her return to this country, two-thirds of the amount allowed a resident widow, and thereafter the full amount.

5. Not decided whether the statute of limitations in a workmen's compensation case must be raised by the pleadings as in other cases.

Argued October 1, 1923. Appeal, No. 77, Oct. T., 1923, by defendant, from judgment of C. P. Beaver Co., June T., 1922, No. 476, dismissing appeal from decision of Workmen's Compensation Board, which sustained award of referee in favor of claimant, in case of Maria Vitkovic v. Pennsylvania Clay Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board which sustained award of referee in favor of claimant. Before BALDWIN, P. J.

The opinion of the Supreme Court states the facts.

Appeal dismissed. Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*J. D. Darragh,* with him *Frank P. Martin,* for appellants.—War acts only to suspend the running of the statute: Insurance Co. v. Stewart, 13 Fed. Cases, No. 7152; Penrose v. King, 1 Yeats 344; The Protector, 12 Wall. 700; Bird v. Bank, 93 U. S. 96; Ogden v. Blackledge, 6 U. S. 272.

It is appellants' contention that as death occurred on May 5, 1917, and war was declared with Austria-Hungary on December 7, 1917, and as therefore a period of a little more than seven months had expired before the statute of limitation was suspended by the declaration of war, it was necessary for only five more months to expire after the running of the statute was revived.

F. G. *Moorhead,* with him *John G. Marshall,* for appellee.

OPINION BY MR. JUSTICE WALLING, January 7, 1924:

While in the course of his employment for defendant, in Beaver County, Frank Vitkovic, an alien, was killed by an accident on May 5, 1917. His wife and children were then living at his former home in Croatia, Austria. In December, 1917, the United States declared war on Austria-Hungary and thereafter the Royal Swedish Vice-Consul became the representative of that country here, and as such, on May 2, 1918, filed a claim petition on behalf of Vitkovic's dependents. Thereafter, in March, 1921, the widow and children returned to this country and in September of the same year the former also filed a claim petition for herself and children. The defendant filed an answer to each petition and the parties went to a hearing before the referee on both. After the testimony was taken the referee dismissed the earlier petition, on defendant's motion; then for the first time the latter contended the claim was barred by the statute of limitations. The referee overruled this contention and made an award in favor of plaintiff, which was sustained by the compensation board and court below; hence, this appeal by defendant.

Section 315 of the Workmen's Compensation Act of 1915, P. L. 736, provides, inter alia, that, "In cases of death all claims for compensation shall be forever barred, ......unless, within one year after the accident, one of the parties shall have filed a petition as provided in article four hereof." The petition of the Royal Swedish Vice-Consul was filed within the year and the sufficiency of a similar petition is sustained in the opinion filed herewith in case of Garvin to use v. Diamond Coal & Coke Co., 278 Pa. 469; so, had the award been made thereon, no question as to the claim being barred could be seriously considered, but being made on the later petition gives color to defendant's contention. We

must keep in mind, however, that the vice-consul was plaintiff's representative and that his act in filing the claim petition was in effect her act; also that the petition she later filed was on account of the same cause of action. The statute is tolled by the filing of a proper petition by one of the parties, within the year, and there is no requirement that the final award be made on the petition as so filed; it may be amended or a new petition substituted, so long as the cause of action remains the same. The object of the statutory requirement, above quoted, is to give notice of the claim; this was done in the instant case by the filing of the first petition, which was never withdrawn or abandoned and upon which, jointly with the later petition, the case was heard by the referee. Under such circumstances the claim was not barred even though the award was made on the later petition. After the case had been heard on both it would be a harsh ruling to turn plaintiff out of court on a technical question never raised until the referee, on defendant's motion, had made a formal order dismissing the earlier petition. The fact still remains that a proper claim petition was filed within the year and that a hearing upon the merits was had thereon after defendant had filed a responsive answer. Upon this question, Mr. Justice KEPHART, speaking for the court in Horn v. Lehigh Valley R. R. Co., 274 Pa. 42, says, inter alia: "The time limit in which claims might be filed was placed in the act not only to produce a uniform practice, but to enable employers to know the period of time they could be called upon to respond for just claims so that they might not be constantly expecting stale claims of doubtful merit......It was not intended to cut out meritorious claims by harsh rulings as to the manner of filing." Whether the statute of limitations in a workmen's compensation case must be raised by the pleadings, as in other cases, is a question upon which we express no opinion.

A discussion of the effect of the war between the United States and Austria-Hungary upon the running of

the statute of limitations and other relevant questions will be found in the opinion filed herewith in the Garvin Case, above referred to; see also Siplyak v. Davis, Director General, 276 Pa. 49.

The referee awarded plaintiff, as widow of Vitkovic, two-thirds of the amount allowed a resident widow, until her return to this country, and thereafter the full amount. This complies with section 310 of the Act of 1915, P. L. 746, and was properly affirmed by the compensation board and lower court.

The assignments of error are overruled and the judgment is affirmed.