# Kopecky *v.* Coalmont Moshannon Coal Co. (et al., Appellant).

*Workmen's compensation—Statute of limitations—Alien enemy.*

Where the consul of a country representing an enemy country, files within the year limit a claim under the Workmen's Compensation Act for the death of a subject of the enemy country, and, after the expiration of the limit, the consul of a republic formed from the portion of the enemy country of which portion deceased was a native, files a second petition based on the same claim, and the case is heard by agreement on the merits on the second petition, the defendant cannot set up the statute of limitations as a defense.

Argued October 8, 1923. Appeal, No. 170, Oct. T., 1923, by Ætna Life Insurance Co., insurance carrier, from judgment of C. P. Allegheny Co., April T., 1923, No. 2204, sustaining decision of Workmen's Compensation Board, in case of Francis Kopecky, Czechoslovak, Consul General, for Katharine Michalec et al. v. Coalmont Moshannon Coal Co., defendant, and Ætna Life Insurance Co., insurance carrier. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board on hearing de novo, awarding compensation. Before REID, J.

The opinion of the Supreme Court states the facts.

The court overruled exceptions, dismissed the appeal and entered judgment against defendant. The Ætna Life Insurance Co., insurance carrier, appealed.

*Errors assigned* were, inter alia, (1, 2) order and judgment, quoting record.

*John M. Reed,* of *Reed & Blair,* for appellant, cited: Siplyak v. Davis, 276 Pa. 49; Oetjen v. Leather Co., 246 U. S. 297; Jones v. U. S., 137 U. S. 202; Underhill v. Hernandez, 168 U. S. 250.

*John Kulamer,* for appellee, cited: Kilbourn v. Thompson, 103 U. S. 168; Siplyak v. Davis, 276 Pa. 49.

OPINION BY MR. JUSTICE WALLING, January 7, 1924:

George Michalec was killed by accident on November 26, 1918, in the course of his employment for defendant at Houtzdale, Pennsylvania. He was an alien, being a native of Rockovia, Hungary, where his wife and children still reside. Because of the war between the United States and Austria-Hungary, the affairs of the latter country here were in charge of the Royal Swedish vice-consul who, on November 5, 1919, filed, in the proper office, a claim petition under the Workmen's Compensation Statutes, on behalf of those who might be entitled to compensation on account of Michalec's death, to which defendant filed an answer. Previously thereto on October 11, 1919, the consul general of the Czechoslovak Republic at New York, acting for the widow and children of the deceased, prepared, executed and mailed to the Workmen's Compensation Bureau at Harrisburg, a claim petition in due form, but for some unaccountable reason it was not filed in that bureau until April 5,

1920. To this petition defendant filed a responsive answer. The case was apparently heard by the referee on both petitions, but his award in favor of the claimants was made on the petition filed by the Swedish vice-consul. On appeal to the compensation board a hearing de novo was granted and by agreement of counsel it was had on the petition filed by the consul general of the Czechoslovak Republic. The board also awarded claimant's compensation, and the affirmance thereof by the common pleas court was followed by this appeal on behalf of the insurance carrier, who had intervened as a defendant.

No question is raised as to the right of either the Royal Swedish vice-consul or the consul general of the Czechoslovak Republic to file a petition on behalf of the widow and children of Michalec, but appellant's contention is that at the time of, and since, the death of Michalec, Rockovia was and is a part of said republic, a friendly nation, and that as the claim petition upon which, by agreement, the case was heard before the compensation board, to wit, that of the consul general of the republic, was not filed within a year, as required by the statute, the claim was barred. For reasons stated in Siplyak v. Director Gen., 276 Pa. 49, also in Vitkovic v. Pennsylvania Clay Co., 278 Pa. 474, and Garvin v. Diamond Coal & Coke Co., 278 Pa. 469, filed herewith, we cannot sustain this contention.

We do not deem it necessary to decide whether mailing the claim petition in ample time, would toll the statute, but on that question attention is called to Horn v. Lehigh Valley R. R. Co., 274 Pa. 42.

The assignments of error are overruled and the judgment is affirmed.