# Manley *v.* Lycoming Motors Corporation, Etc., Appellants.

*Workmen's compensation—Workmen's Compensation Law, sections 423 and 426—Disallowance of compensation—Rehearing after expiration of ten days' time for appeal.*

Under the provisions of section 426 of the Workmen's Compensation Law, the Workmen's Compensation Board has authority to grant a rehearing of a claim petition, after ten days allowed for taking an appeal has expired. Section 426 is not limited to cases where appeals have been taken to the courts of common pleas.

The Workmen's Compensation Board is not a court, and if the necessary authority has been conferred upon the board, it is not restricted in its action by terms or return days, but may grant a rehearing when the interests of justice require it, within such general limitation as may be imposed by the act. And it is the duty of the court to construe the act liberally, as respects the claimant's right to compensation, having in mind the benevolent and humanitarian purposes of its enactment.

A claim petition is properly reopened where the evidence establishes that immediately after the accident it was impossible to discover whether the condition of the claimant's hand was the result of the injury, or caused by tubercular infection but subsequently bacterial tests disproved the likelihood of the latter diagnosis.

Argued March 11, 1924. Appeal, No. 27, Oct. T., 1924, by defendants, from judgment of C. P. Lackawanna Co., Dec. T., 1922, No. 220, affirming the decision of the Workmen's Compensation Board in the case of Thomas Manley v. Lycoming Motors Corporation, Defendant, and Globe Indemnity Company, Insurance Carrier. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Appeal from the decision of the Workmen's Compensation Board. Before WHITEHEAD, P. J.

The facts are stated in the opinion of the Superior Court.

174 MANLEY v. LYCOMING MOTORS CORP., ETC., Appel.

Assignment of Error—Opinion of the Court. [83 Pa. Superior Ct.

The court affirmed the decision of the Workmen's Compensation Board. Defendant appealed.

*Error assigned* was, among others, the judgment of the court.

*C. Edmund Gilmore*, for appellant.—The Workmen's Compensation Board had no authority to grant a rehearing: Carlin v. Coxe Bros. & Co., 274 Pa. 38; Workmen's Compensation Acts, a Corpus Juris Treatise, page 104, paragraph 101; Morris v. Yough Coal and Supply Co., 266 Pa. 216, 218; Kalucki v. American Car & Foundry Co. (Mich.), 166 N. W. 1011.

*W. E. Ritter*, for appellee, cited: Carlin v. Coxe Bros., 274 Pa. 38, Mackey's Decisions 4, 554; Lees v. Commercial Mining Co., 4 Mackey's Reports, 278; 4 Conway v. Sugar Run Coal Mining Co., 4 Mackey's Reports, 420; Hughes v. Am. International Shipbuilding Corp., 270 Pa. 27; Chase v. Emery Mfg. Co., 271 Pa. 265.

OPINION BY KELLER, J., April 21, 1924:

The only question involved in this appeal is whether the Workmen's Compensation Board, upon cause shown, may grant a claimant who has been disallowed compensation, but failed to appeal from such decision, a rehearing of his petition after the ten days allowed for taking an appeal have expired. If it may, the judgment of the lower court must be affirmed.

In disposing of the question it must be borne in mind that the Workmen's Compensation Board is not a court and a proceeding under the act creating it is not "litigation" to which established rules and principles of common law practice are applicable: Gairt v. Curry Coal Mining Co., 272 Pa. 494, 498. If the necessary authority has been conferred upon the board, it is not restricted in its action by terms or return days, but may grant a rehearing when the interests of justice require it, within

such general limitation as may be imposed by the act. And it is the duty of courts to construe the act liberally, as respects the claimant's right to compensation, having in mind the benevolent and humanitarian purposes of its enactment: Gairt v. Curry Coal Mining Co., supra, p. 498; Blake v. Wilson, 268 Pa. 469, 474; Callihan v. Montgomery, 272 Pa. 56, 59; Clark v. Clearfield Opera House Co., 275 Pa. 244, 246.

Keeping this purpose in mind we are of opinion that express authority to grant a rehearing in such case is given the board in section 426 of the act as amended by the Act of June 26, 1919, P. L. 642, p. 665, which provides: "The board, upon petition of any party and upon cause shown, at any time before the court of common pleas of any county of this Commonwealth to whom an appeal has been taken under the provisions of section 427 of this article shall have taken final action thereon, may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling, or has sustained or reversed any action of a referee. If the board shall grant a rehearing of any petition from the board's action on which an appeal has been taken to and is pending in, the court of common pleas of any county of this Commonwealth under the provisions of section 427 of this article, the board shall file in such court a certified copy of its order granting such rehearing and it shall thereupon be the duty of such court to cause the record of the case to be remitted to the board."

The appellants contend that this section limits the board, in its grant of a rehearing, to cases which have been appealed to the court of common pleas, but we place no such narrow construction upon it. It does not read, "Whenever an appeal has been taken to the court of common pleas, of any county, and is still pending, the board may, upon petition of any party, upon cause shown, grant a rehearing," etc. The clause relating to an appeal has no such restrictive meaning. It means rather, as it

says, that such rehearing may be granted by the board, upon petition and cause shown, at any time, except that if an appeal has been taken to the court of common pleas under section 427, the rehearing must be granted before final action has been taken by such court thereon. This construction is strengthened by the last sentence of the section above quoted. If the whole section is limited in its scope to cases in which appeals have been taken to and are pending in the courts of common pleas, there would be no necessity for inserting the conditional clause, but the duty of the board to file in such court a certified copy of its order granting a rehearing and of the court thereupon to remit the record would apply in all cases. The fact that it was thought necessary to make the distinction is persuasive evidence that the right to grant a rehearing, for cause shown, applies to cases not appealed as well as to those where an appeal is pending.

A fair reading of the section, having in mind its evident purpose, is to authorize a rehearing, at any time, upon petition and cause shown—that is, when justice requires,—of any petition upon which the board has made an award or disallowance of compensation, with this qualification, that if an appeal has been taken to the common pleas, the rehearing must be granted before final action by that court, and in that event, the board shall file in such court a certified copy of its order granting a rehearing and thereupon the court must cause the record to be remitted to the board. The action, thus authorized, was taken by the board in Carlin v. Coxe Bros. & Co., 274 Pa. 38, where, at first, it disallowed compensation to the claimant because the causal connection between the accident and the employee's death had not been sufficiently established. Subsequently, on petition and over the protest of the employer, the board ordered a rehearing and allowed compensation and the Supreme Court approved this action. The cases from Illinois and Texas cited by appellants are of no weight because the compensation acts of those states do not con-

fer the authority on the board given by our amendment of 1919.

But appellants assert that where a claimant has not appealed from the award or disallowance of the referee, the board has made no award or disallowance, and hence section 426 does not apply; but this is sticking in the bark. The referee is simply the agent of the board; his findings and awards or disallowances are not made direct to the parties but are filed with the Workmen's Compensation Bureau (sec. 404) in accordance with the rules and regulations of the board, and copy thereof served by it upon the parties in interest; and the referee's report and award, unappealed from, is considered the action of the board, just as the entry of judgment by the prothonotary for want of an affidavit of defense is on behalf of the court, or the report of an auditor to which no exceptions have been filed is considered as the action of the court. This is clearly the case, for by section 414 (amendment of 1919) it is provided that the board may either refer claim petitions to a referee or hear them itself, except that hearings where the parties agree on the facts, but fail to agree on the compensation payable thereunder (section 411) and on petitions for commutation, (section 412) must be had before the board.

What then is the period of limitation, if any, under the act, within which the board may grant such a rehearing? We think it may be determined by analogy from the decisions of the Supreme Court upon the right of the board to grant a review in other cases. In Gairt v. Curry Coal Mining Co., supra, the claimant was injured on March 10, 1917, and a compensation agreement entered into on May 4, 1917. On July 29, 1918, the compensation authorities made an order that the agreement fixing compensation for total disability should terminate as of July 9, 1918, and payments ceased as of that date. Between December 2, 1918, and March 24, 1919, three separate petitions were presented by the claimant asking for review and modification of said order of July 29, 1918,

all of which were refused. No appeal was taken by the claimant from any of said orders. On October 10, 1919, he presented a petition to reinstate the original agreement, and on April 24, 1920, the board acting thereon found that the claimant was totally and permanently disabled and made an order reinstating the compensation agreement as of July 9, 1918. In passing upon the right of the board to review its order after such a lapse of time the Supreme Court said: "The relevant legislation clearly contemplates that, after a compensation agreement has been filed, or an order for compensation made, persons affected may apply for review and modification during the time the agreement or order has to run"; and the court approved these extracts from the opinion of the chairman of the board in that case: "A disability agreement contemplates a total payment of compensation to the claimant for a period of 500 weeks...... When a workman is injured and a compensation agreement is entered into, it is within the minds of the parties, or at least the law imputes the intention to the parties, that such agreement may run 500 weeks, if the injury develops total disability for that length of time; so that, when the board, either of itself, or by one of its referees, relieves the employer of such payment, it merely suspends that payment or that obligation, waiting further developments of injuries." In Hughes v. American International Shipbuilding Co., 270 Pa. 27, it was held that the limitation of one year imposed by section 315 of the act upon claims for compensation did not apply to cases where compensation agreements or claim petitions had been filed. And in Chase v. Emery Mfg. Co., 271 Pa. 265, 269, the court said: "There is no limitation of time on the right of review," probably intending thereby, within the limit of 500 weeks contemplated for total disability. But, if it should be held that the petition for rehearing must be presented within the period fixed by law for compensation with respect to the particular disability suffered, then in this case it would be 175 weeks (for the

loss of one hand, section 306, c) and the petition would still be in time.

The facts in this case fully warrant the action of the board upon the rehearing of the case. At the original hearing the claimant was not represented by counsel; the foreman to whom he had immediately reported the injury to his hand and who had communicated such report to the employer was not present as a witness; there was some doubt at the time whether the abscess then on claimant's hand was caused by the injury or was tuberculous in character. At that stage of the disability it was difficult to determine. Some of the physicians diagnosed the abscess as tubercular and testified that, if so, it was of longer standing than the date of the alleged accident. The referee reluctantly disallowed the claim on the ground that it had not been sufficiently established that the disability was due to the accident. After the order of disallowance the hand grew worse, was operated on about a year after the hearing, and on July 3, 1922, about a year and three months after the claim was dismissed, was amputated, and it was found from a bacterial test of the diseased tissue at the time of amputation and of the claimant's sputum, that he was not tubercular. The surgeon who saw the injured hand two days after the accident and who subsequently performed the amputation testified that he was now satisfied there was a direct connection betwen the injury and the disability, necessitating the amputation of the hand; that in his opinion there was neither a tubercular or syphilitic involvement, but that the disability resulting in the loss of claimant's hand followed and was caused by the injury to the palmar surface of his hand, as testified to by him and the foreman.

We are satisfied that our construction of section 426 as above is warranted by the language used and is in accord with the general scheme of the act as amended in 1919, and the decisions of the Supreme Court construing it. We find, in the other sections of the act as amended,

the utmost liberality extended the claimant in every other contingency; and under their authority, relief has been granted in very many cases by way of review, long after the time for appealing from the order or decision complained of had expired. A few cases have already been referred to. Others may be found in Miller v. Pittsburgh Coal Co., 77 Pa. Superior Ct. 51; Parlovich v. Phila. & R. C. & I. Co., 76 Pa. Superior Ct. 86; Dime T. & S. D. Co. v. Phila. & R. C. & I. Co., 78 Pa. Superior Ct. 124; Sarnis v. Phila. & R. C. & I. Co., 80 Pa. Superior Ct. 228; Stinger v. Rinold Bros., 80 Pa. Superior Ct. 420. The amendment of 1919 generously gives opportunity to a claimant on reversal of an award in his favor to present additional evidence in support of his claim: Kuca v. L. V. Coal Co., 268 Pa. 163; and section 426 unquestionably authorizes a rehearing, even when an appeal is pending in the common pleas. Is it unreasonable that opportunity for relief should be provided in the act for the claimant who has been disallowed compensation, but is unable to demonstrate the injustice of the order until after the ten days allowed for an appeal have expired? To so hold could only militate against the claimant, for it is admitted that the employer can always, for cause shown, secure a review of an award of compensation; whereas if disallowed, the only party seeking a rehearing would be the claimant. The circumstances justifying a rehearing would, of course, have to be exceptional, and the board can be trusted to see that the privilege is not abused.

Judgment affirmed at the costs of the appellants.