## Nesbit v. Nesbit & Casualty Ins. Co., Appellants.

Argued April 20, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*Francis A. Wolf,* and with him *George Y. Meyer* and *Matthews & Jamison,* for appellants.

*John P. Lockhart,* and with him *Ralph A. Cooper* of *Lockhart & Long,* for appellee.

OPINION BY TREXLER, P. J., July 8, 1931:

The wife of. David W. Nesbit presents this claim for compensation for injuries received while she worked as his employee in his meat market.

The referee found that the claimant has assisted her husband in his business for a period of about nineteen years and that during that time under an oral agreement, she was paid a weekly wage. For years prior to her injury, she was accustomed to work in the market every day; she kept the books; waited on the trade; and was paid a weekly wage of $25.00. She attended to her housework between times. She carried a separate bank account in a different bank from where her husband deposited his money and she had sole control over it. The household expenses were paid by the husband. There was evidence presented to the referee which justified his finding that the wife performed the services as above stated. It further appears that after she was injured, it was necessary for the husband to put another employee in his shop who was paid the same wages as had formerly been paid to the wife.

The appellants argue that the Workmen's Compensation Act does not apply to a wife, that the sole

purpose of the Workmen's Compensation law was to provide injured workmen or the dependents of such who were killed in the course of their employment some substitute for the wages thereby lost and the means of sustenance.

The Workmen's Compensation law applies to the relation of employer and employee. The term employee is declared to be synonymous with servant and includes all natural persons who perform services for another for a valuable consideration with the exceptions mentioned in the act. There is no doubt about it that the wife in this instance was an employee just as much as anyone else could be. The reply of the appellants is, if that be so, that the words servant and employee refers only to those who could sue at common law for the injury done and that a wife has no right to sue her husband.

We do not think that the problem is solved in favor of the defendant by the assertion that the plaintiff could not bring suit against her husband. The compensation act is a departure from the procedure of common law and is not litigation. See Gairt v. Curry Coal Mining Co., 272 Pa. 494; Manley v. Lycoming Motors Corp., 83 Pa. Superior Ct. 173. The case of Nuding & Schlouch v. Urich, 169 Pa. 289, recognized the right of the husband to contract with his wife for the performance of services outside of her duties as a housekeeper and allowed a recovery to the wife for unpaid wages out of the proceeds of a sheriff sale. The court there held that there was nothing in the law that restrains a woman from contracting with her husband and held, alluding to the language of the Act of June 8, 1893, P. L. 344, that "personal services are a species of personal property" and that as "earnings represent in common speech the reward for services, whether in money or chattels, it would seem that they may be 'acquired,' or 'owned,' or 'pos-

sessed,' within the fair meaning of the section."

The lower court held that under the authority of the above case, the wife could bring suit against her husband. We do not think that it is necessary to hold this in order to sustain the claimant's case. If the relation of master and servant existed between these parties and it was so found upon sufficient testimony, there is nothing which prevents the wife from receiving compensation to such an amount as she is entitled to have awarded to her under the act. If, as decided by the above case, she could claim for wages out of the proceeds of the sheriff sale, we see no reason why she cannot claim compensation for her injuries under the scheme provided by the compensation act.

The order of the lower court is affirmed.