Porto *v.* Philadelphia and Reading Coal and Iron Company, Appellant.

Argued October 28, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Penrose Hertzler,* with him *J. A. Welsh,* for appellant.

*H. F. Bonno,* for appellee.

OPINION BY RHODES, J., December 21, 1936:

The question in this workmen's compensation case is whether the court below erred in reversing the action of the board in dismissing claimant's petition for rehearing.

Claimant suffered an accidental injury to his left foot on March 23, 1931, while in the employ of defendant. On April 11, 1931, a compensation agreement was executed by claimant and defendant, which provided for compensation for indeterminate total disability. On August 21, 1933, defendant, after paying compensation for 125 weeks, filed a petition to modify the agreement, in which it alleged that the claimant's disability had resulted in the loss of use of his left foot, and was within section 306 (c) of the Workmen's Compensation Act

of June 2, 1915, P. L. 736, as amended, 77 PS §513. Claimant filed an answer to the petition. After hearing, the referee found, on January 15, 1934, that claimant's disability was confined to the loss of the industrial use of his injured left foot, and ordered that the compensation agreement be modified accordingly.

Claimant appealed to the board, which, on March 13, 1934, affirmed the findings of fact, conclusions of law, and order of the referee "without prejudice to the right of the claimant to present a petition for rehearing within a period of one year from this date, or the final affirmance hereof, upon the submission of proof that he has regained in part the industrial use of the left foot." Defendant paid the additional compensation for a period of 25 weeks from August 22, 1933, to February 12, 1934, or a total of 150 weeks, as provided in section 306 (c), 77 PS §513.

On April 2, 1934, claimant filed a petition for review of his compensation agreement under section 413 (77 PS §§771-774), in which he averred that he had regained in part the industrial use of his foot. Defendant filed an answer in which it set forth a general denial together with a plea of the bar of the statute of limitations. The matter was assigned to a referee, who held another hearing at which the testimony was substantially the same as that presented at the previous hearing. The referee dismissed claimant's petition for review, holding that claimant's disability was still confined to the loss of the industrial use of his left foot. Claimant again appealed to the board. The board affirmed the referee in an opinion and order filed January 9, 1935, but stated that the plea of the bar of the statute of limitations should have been sustained.

Claimant, on March 6, 1935, filed a petition for rehearing under section 426 of the Workmen's Compensation Act of 1915, as amended by the Acts of June 26, 1919, P. L. 642, §6, and April 13, 1927, P. L. 186, §8

(77 PS §871), and in accordance with the order of the board of March 13, 1934. Claimant's petition for rehearing averred that he had partially regained the industrial use of his left foot, the injury to which was the basis of the original compensation agreement. To the petition was attached an affidavit of his attending physician to that effect. Defendant's answer to the petition for rehearing alleged, inter alia, that the claimant's right to file the petition for rehearing was barred by statute; and that no appeal having been taken by claimant to the court of common pleas from the order of the board of January 9, 1935, the board had no authority to grant a rehearing under section 426 (77 PS §871).

The board, on the petition and answer, made the following order: "Now, April 16, 1935, claimant's petition for a rehearing in this case is refused." Claimant appealed to the court below, which reversed the board and remitted the record for a rehearing. Defendant has appealed.

Appellant now contends that the order of the board, dated April 16, 1935, dismissing claimant's petition and refusing a rehearing, is not appealable, and that it was within the sole discretion of the board to grant or refuse a rehearing. In *Giana v. Byllesby Engineering and Management Co.*, 122 Pa. Superior Ct. 156, 185 A. 866, the defendant appealed to the court of common pleas from an order of the board granting a rehearing of claimant's petition for compensation. The court dismissed the appeal as premature. In an opinion by President Judge KELLER, at page 157, we said: "We agree with the court below that an appeal does not lie from such an interlocutory order. We are satisfied, moreover, that the order was within the discretionary power of the board." In *Barton v. Pittsburgh Coal Co.*, 113 Pa. Superior Ct. 454, 173 A. 678, claimant presented a petition to the board for rehearing. The board

refused a rehearing, and an appeal was taken to the court of common pleas from such refusal. The court affirmed the board. Claimant appealed; and we held, at page 463: "We do not believe that there was any abuse of discretion in refusing the petition."

In *Fedak v. Dzialdowski*, 101 Pa. Superior Ct. 346, the board dismissed claimant's petition for rehearing, and the court of common pleas affirmed the action of the board. In reversing the court below, we said that the petition should have been granted. The order was reversed and the record remitted for further action. An interlocutory judgment or order is one which determines some preliminary or subordinate point or plea, or settles some special question or default arising in the progress of the cause, but does not adjudge the ultimate rights of the parties, or finally put the case out of court. See 4 Words and Phrases (First Series), p. 3713 et seq. In the case at bar the compensation agreement, as modified, was for a definite period, viz., 150 weeks for the loss of a foot. Section 413 of the Workmen's Compensation Act of 1915, as amended (77 PS §772), provides: "That, except in the case of eye injuries, an agreement or an award can only be reviewed, modified, or reinstated during the time such agreement or award has to run, if for a definite period." Here, the modified agreement expired February 12, 1934. If the petition for a rehearing, with which we are now concerned, filed March 6, 1935, is finally refused, all opportunity of having his case given further consideration on the ground that he has partially regained the industrial use of his left foot is lost to claimant, and his case to that extent is at an end. In its opinion of January 9, 1935, the board explained that the suggestion in its order of March 13, 1934, was made in view of the limitations of section 413 (77 PS §772). Therefore, the effect of the board's refusal of a rehearing was to "finally put the case out of court."

The order of April 16, 1935, cannot be considered interlocutory; it is a final, appealable order.

Claimant's petition for review, filed April 2, 1934, and the proceedings thereunder were superfluous, and were no bar to the filing of claimant's petition for rehearing any time prior to March 13, 1935. The board's order of March 13, 1934, clearly left open the way for claimant to present a petition for rehearing within a year of that date. See *Gairt v. Curry Coal Mining Co. et al.*, 272 Pa. 494, 116 A. 382.

Appellant also presents the argument that the board was required, under section 426 (77 PS §871), to grant a rehearing, if at all, within one year after March 13, 1934, the date of its affirmance of referee's order granting appellant's petition for modification of the compensation agreement, and that this contention is based on the part of section 426 which provides that "such rehearing shall not be granted more than one year after the board has made such award, disallowance, or other order or ruling, or has sustained or reversed any action of the referee."

What this court said in *Marinho v. Glen Alden Coal Co.*, 108 Pa. Superior Ct. 560, at page 564, 165 A. 506, at page 507, applies to this contention of the appellant: "In the instant case the petition for a rehearing was filed within the year, as provided in the Act of Assembly, but no action was taken upon it until after the year had expired. Where the claimant acts within the year he has done all that he can do, and his right to relief should not be defeated because the board fails to act within the year. This would make his right to relief dependent upon the speed or dilatoriness of the board. The filing of the petition within the year tolls the running of the statutory limitation just as the filing of an original claim petition within the year protects the claimant. *Vitkovic v. Pennsylvania Clay Co.*, 278 Pa. 474 [123 A. 469]; *Garvin v. Diamond Coal and*

*Coke Co.,* 278 Pa. 469 [123 A. 468]; *Kopecky v. Coalmont Coal Co.,* 278 Pa. 478 [123 A. 471]."

In *Giana v. Byllesby Engineering and Management Co.,* supra, we held substantially to the same effect.

Claimant's petition for rehearing having been filed within a year after the order of March 13, 1934, was within the provisions of section 426 (77 PS §871), although action thereon was not taken by the board until after the expiration of the year limitation. Any other conclusion would be unsound, illogical, and not within the intention of the statute.

As the questions raised on this appeal relate entirely to procedure, we pass no judgment on the merits of the case. Upon a rehearing the claimant will be obliged to show, if possible, that there has been a change in his condition as alleged in his petition which, with the affidavit of the physician attached thereto, sets forth such facts as necessitate the taking of testimony. This is true notwithstanding the fact that at the two previous hearings the testimony fully supported the findings of the referees and board that the claimant's disability then consisted only of the loss of the industrial use of his left foot. We are of the opinion that claimant's petition sets forth sufficient facts, prima facie, to entitle him to a rehearing under the order of the board of March 13, 1934, and section 426 of the statute (77 PS §871), and that the conclusion of the court below must be sustained.

Assignments of error are overruled. The order of the court below is affirmed.