## Price v. Pittston Company

*Roger Devers*, for plaintiff.
*Elmer D. Adair*, for defendant.

LEWIS, J., December 17, 1937.—The facts are not in dispute and were submitted by agreement to the referee. Decedent employe was over 27 years of age and was fatally injured in the course of his employment with defendant company. His weekly wage at the time of his death was in excess of the amount which would entitle his dependents, if any, to the maximum weekly benefits under The Workmen's Compensation Act of June 2, 1915, P. L. 736. He was single and lived with claimant, by whom he had been legally adopted by proper proceedings in our court. The decedent and the claimant made up the entire

household. Claimant's wife died some years before the death of the employe. Claimant was partially dependent upon the contribution of the decedent and had been so dependent for some time prior to the death of the employe: See referee's sixth finding of fact. The sole question raised by this appeal was aptly stated by the compensation referee in the following language:

"The only question involved in the above entitled case is the right of the adopted parent to receive compensation on account of the death of an adopted son resulting from injuries sustained during the course of his employment."

The referee, being bound by the decision in the case, arising in the Court of Common Pleas of Westmoreland County, of Studley et ux. v. Vesta Coal Co., 6 Pa. Dept. R. 2122, adopted the ruling in said case and hence dismissed the petition of the adopting parent. The case was appealed to the Workmen's Compensation Board and the Workmen's Compensation Board in turn sustained the decision of the referee and likewise dismissed the appeal.

In the opinion of the Workmen's Compensation Board we find the following language:

"There seem to be no Superior or Supreme Court cases on the question at issue in this case, and in accordance with the Common Pleas Court opinions in Studley v. Vesta Coal Co., supra, and Barry v. Philadelphia and Reading Coal and Iron Co., supra, we must affirm the findings of fact, conclusions of law and order of the Referee; however, after reading McDonald v. Texas Employers Ins. Association, 267 S. W. Page 1074; and Victory Sparkler & Specialty Co. v. Gilbert, 153 Atlantic Reporter 275 (a Maryland case), on this particular subject in the instant case, and the opinion of Justice Stern in Cave's Estate, 192 Atlantic Reporter, Page 460, on the question of adoption, we are of the opinion that the law as handed down by the Common Pleas Judges in Westmoreland County and Schuylkill County should be reversed."

We have carefully considered all the authorities on the subject pro and con, especially the opinion in Studley v. Vesta Coal Co., supra. We are of the opinion that the recent decision in Cave's Estate, 326 Pa. 358 (although the same is not a case arising under the Workmen's Compensation Act), should be adopted. We will quote an extract of Justice Stern's opinion in that case, page 366:

"The language of clause (a) of section 16 (20 P.S. §101) is greatly strenghtened and emphasized by that of clause (b) (20 P.S. §102). Nothing could be more sweeping than the provisions: 'The person adopted shall, for all purposes of inheritance and taking by devolution, be *a member of the family of the adopting parent or parents*. . . . Adopted persons shall not be entitled to inherit or take from or through their *natural* parents, grandparents, or collateral relatives.' This severs the child from his natural family tree and engrafts him upon that of his new parentage 'for *all* purposes of inheritance.' "

Upon inspection of the decree of adoption we find the following:

"The said James Harrison shall assume the name of the said petitioners and be hereafter known and called by the name of James Price and shall have henceforth all the rights of a child and heir of the said James Price and Margaret Price, his wife, equally with any other children they may have and shall be subject to the duties of such child in accordance with the provisions of the Act of Assembly in such cases made and provided."

The acts of assembly with reference to adoption as they have been recently construed by our Supreme Court in the case heretofore cited apparently make no distinction between natural parent or child and an adopted parent or child. One can hardly conceive that after an adopted parent has reared and nurtured a child from one year until maturity and the said child has obtained profitable employment and is legally bound to furnish support unto his parents, the adopted parent can be impaled on the

technical ground that the legislature in The Workmen's Compensation Act in using the term "father and mother" did not include adopted parents. We will quote the language of the appellate courts in construing the spirit of The Workmen's Compensation Act, supra, applicable to the present case:

"And it is the duty of the courts to construe the act liberally, as respects the claimant's right to compensation, having in mind the benevolent and humanitarian purposes of its enactment": Manley v. Lycoming Motors Corp., etc., 83 Pa. Superior Ct. 173.

We therefore construe the said act in the same spirit as did the appellate courts. We, therefore, make the following order:

Now, December 17, 1937, the appeal from the order of the Workmen's Compensation Board dismissing the appeal is sustained and the order of said Workmen's Compensation Board is reversed, and we now direct that judgment be entered in favor of the claimant, James Price, against the Pittston Coal Company, in the sum of $5 per week for 300 weeks as provided in the said Act of Assembly, together with interest at 6 percent per annum on each payment of $5 from the time it becomes due.