## Calabria *v.* State Workmen's Insurance Fund et al., Appellants.

Argued April 18, 1938.

Before
KELLER, P. J., CUNNINGHAM, STADTFELD, PARKER and
RHODES, JJ.

*S. H. Torchia,* with him *Charles J. Margiotti,* Attorney General, *John T. J. Brennan* and *J. S. La Victoire,* for appellants.

*George Jerko,* with him *Frank P. Barnhart,* for appellee.

OPINION BY RHODES, J., June 29, 1938:

In this workmen's compensation case, appellant, State Workmen's Insurance Fund, concedes that there is competent evidence to support the findings and order of the Workmen's Compensation Board, and the testimony was not made part of the record. The only question involved is one of procedure, and is whether, under the circumstances related hereinafter, the order of the board, dated June 26, 1936, allowing claimant a rehearing, was in accordance with the Workmen's Compensation Act of June 2, 1915, P. L. 736 art. 4, §426, as amended by the Act of June 26, 1919,

P. L. 642, §6, and as further amended by the Act of April 13, 1927, P. L. 186, §8 (77 PS §871), which provides in part as follows: "The board, upon petition of any party and upon cause shown, at any time before the court of common pleas of any county of this Commonwealth to whom an appeal has been taken under the provisions of section four hundred and twenty-seven of this article shall have taken final action thereon, may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling, or has sustained or reversed any action of a referee, but such rehearing shall not be granted more than one year after the board has made such award, disallowance, or other order or ruling, or has sustained or reversed any action of the referee."

Claimant, while in the employ of the McCombie Coal Company, was injured on March 22, 1934. The parties entered into a compensation agreement under which claimant was to receive compensation at the rate of $10.14 per week beginning March 30, 1934, and continuing until his disability ceased or changed. A later agreement was entered into for the purpose of changing the average weekly wage, whereby claimant was paid thereafter at the rate of $11.15 per week. Compensation was paid under this later agreement from March 30, 1934, to June 19, 1934. On July 3, 1934, appellant, McCombie Coal Company's insurance carrier, filed a petition to terminate, averring that claimant had returned to work and refused to sign final receipt. On September 4, 1934, referee, after hearing, terminated payments of compensation under the agreement as of June 20, 1934. Notice of termination was mailed by the secretary of the Workmen's Compensation Board on September 18, 1934. No appeal was taken by claimant from this order of termination. On January 14, 1935, claimant filed a review petition, averring that on June 20, 1934, as of which date the referee terminated

the payment of compensation, he was unable to resume work, and was still unable, at the time of filing his review petition, to work. He further averred in this petition that he failed to appeal from the referee's order of termination within the statutory period because he was in the hospital at the time. To this petition appellant filed an answer, on February 8, 1935, setting forth the order of the referee terminating compensation as of June 20, 1934, and averring that there was no compensation agreement to be reviewed, or award in force at that time, and that claimant's relief, if any, should be by petition for rehearing. At the hearing before the referee, he concurred with the contention of appellant that claimant's relief was by petition for rehearing, and, in an order dated May 6, 1935, dismissed claimant's review petition. This order was mailed by the secretary of the Workmen's Compensation Board on May 8, 1935. No appeal was taken from this order, but on May 23, 1935, claimant filed a petition for rehearing with the board, setting forth that at the hearing on the petition to terminate he had no medical witnesses to testify for him, that he did not have the opportunity to present his side of the case, and that he was unable to work, and praying for rehearing for the purpose of presenting additional evidence with regard to his condition. On June 5, 1935, appellant, in answer to claimant's petition for rehearing, denied that claimant did not have the opportunity to present his side of the case, and objected to the granting of the prayer of his petition. On July 19, 1935, the Workmen's Compensation Board made the following order: "Now, June 18, 1935, the petition for rehearing in this case is denied without prejudice to claimant's right to timely file another petition supported by proper detailed affidavits." On May 4, 1936, claimant filed another petition, properly supported by affidavits, praying for a rehearing. In this he again alleged that he was unable to work

and was totally disabled as a result of the injuries sustained on March 22, 1934. On May 14, 1936, appellant filed an answer to this petition, averring that it was not filed within one year from the referee's order of termination, mailed September 18, 1934, in accordance with section 426 of the Workmen's Compensation Act of 1915, as amended (77 PS §871). On June 26, 1936, the board made an order granting a rehearing to claimant, and remanding the record to the referee for further hearing and determination. The referee dismissed claimant's petition on the ground that claimant had failed to prove by competent evidence that he suffered any further disability as a result of the injuries sustained on March 22, 1934. At the rehearing appellant objected to the admission of any testimony on the part of claimant on the ground that the board had no right to allow a rehearing, as claimant's petition for rehearing was not filed within one year of September 18, 1934, the effective date of the referee's order of termination. The referee overruled this objection, but dismissed claimant's petition for the reasons stated. Claimant appealed to the board, and, in an order dated June 25, 1937, the board set aside the referee's order of dismissal and reinstated the payment of compensation to claimant. On appeal to the court of common pleas this order of the board was affirmed. The appeal to this court followed.

Appellant contends that claimant's petition of May 4, 1936, cannot be viewed as seeking a rehearing of his petition for review, dismissed by the board's order of May 6, 1935, and mailed to the parties on May 8, 1935, or of his petition for rehearing, which was the subject of the board's order of June 18, 1935, mailed to the parties on July 19, 1935, but that the present petition must be considered as requesting a rehearing of the referee's order of termination dated September 4, 1934, and mailed to the parties on September 18, 1934. See

*Manley v. Lycoming Motors Corporation, Etc.,* 83 Pa. Superior Ct. 173. Consequently, it is argued that the present petition is barred by section 426 of the Workmen's Compensation Act, above quoted, because not filed within one year of the order of termination. Under the facts of this case it is not necessary to decide whether, under section 426, claimant was entitled to file a new petition for rehearing within one year of the board's last order of June 18, 1935.

Appellant relies heavily upon *McGuire v. Dougherty & Jennings et al.,* 119 Pa Superior Ct. 485, 180 A. 168. But careful analysis of that case and the one at bar reveals a distinction in the facts, which makes the cited case inapplicable. In the McGuire case no petition under section 426 was filed within a year of the order of termination. In the present case, however, a petition for rehearing was filed May 23, 1935, within a year of September 18, 1934, when compensation was terminated. The board did not dismiss this petition as having no merit. On the contrary, the petition presented the substance of a cause for relief, but was defective in form, and this was reflected in the wording of the board's order, issued July 19, 1935, when it said: "Now, June 18, 1935, the petition for rehearing in this case is denied without prejudice to claimant's right to timely file another petition supported by proper detailed affidavits." This was tantamount to suspending judgment on the merits of claimant's petition until an amended or amplified petition was filed providing the board with the information necessary to a proper disposition of the application.

In actions at law it is the well settled and general rule that an amendment that does not change the cause of action may be made even though the statute of limitations has run. See Standard Pennsylvania Practice, Vol. 2, §146, p. 191, and cases there cited. See discussion and review of the authorities in *Severance v. Heyl &*

*Patterson, Inc.,* 115 Pa. Superior Ct. 36, 174 A. 787. In such actions "the statutes authorizing the amendment of pleadings are liberally construed in order to reach the merits of a case: *Schoneman v. Fegley,* 7 Pa. 433; in equity the same liberality prevails; *Dick's App.,* 106 Pa. 589; as the administration of the compensation law is not 'litigation' in any strict sense *(Manley v. Lycoming Motors Corp.,* supra [83 Pa. Superior Ct. 173]; *Gairt v. Curry Coal Mining Company,* 272 Pa. 494, 498 [116 A. 382]) the same liberality at least should be applied to the pleadings, if that term may be used": *Fedak v. Dzialdowski,* 101 Pa. Superior Ct. 346, at page 349.

Claimant should receive the same consideration as one who has been permitted, after the statute of limitations has run, to amend or amplify a petition filed in time. "The filing of the petition within the year tolls the running of the statutory limitation just as the filing of an original claim petition within the year protects the claimant. *Vitkovic v. Pennsylvania Clay Co.,* 278 Pa. 474 [123 A. 469]; *Garvin v. Diamond Coal and Coke Co.,* 278 Pa. 469 [123 A. 468]; *Kopecky v. Coalmont Coal Co.,* 278 Pa. 478 [123 A. 471]": *Marinho v. Glen Alden Coal Co.,* 108 Pa. Superior Ct. 560, at page 564, 165 A. 506, at page 507.

In *Vitkovic v. Pennsylvania Clay Co.,* 278 Pa. 474, at page 477, 123 A. 469, at page 470, Mr. Justice WALLING, speaking for the Supreme Court, said: "The statute is tolled by the filing of a proper petition by one of the parties, within the year, and there is no requirement that the final award be made on the petition as so filed; it may be amended or a new petition substituted, so long as the cause of action remains the same. The object of the statutory requirement, above quoted, is to give notice of the claim; this was done in the instant case by the filing of the first petition, which was never withdrawn or abandoned and upon which, jointly

with the later petition, the case was heard by the referee. Under such circumstances the claim was not barred even though the award was made on the later petition."

"The time limit in which claims might be filed was placed in the act not only to produce a uniform practice, but to enable employers to know the period of time they could be called upon to respond for just claims, so that they might not be constantly expecting stale claims of doubtful merit. ...... It was not intended to cut out meritorious claims by harsh rulings as to the manner of filing": *Horn v. Lehigh Valley Railroad Co.*, 274 Pa. 42, at page 44, 117 A. 409, at page 410.

In our opinion, the board's order of June 18, 1935, must be considered as granting leave to claimant to amend his original petition for rehearing filed May 23, 1935, and "if the amendment merely expanded or amplified what was alleged in support of the cause of action already asserted, it related back to the commencement of the action, and was not affected by the intervening lapse of time. [Cases cited.]": *Seaboard Air Line Railway v. Renn*, 241 U. S. 290, at page 293, 60 L. Ed. 1006, at page 1009. Claimant's petition of May 4, 1936, being of this nature, was not barred by section 426 (77 PS §871).

Order of the court below is affirmed.