Downs, Appellant, *v.* Linton's Lunch.

Argued November 16, 1938.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker and Rhodes, JJ.

*Alexander F. Barbieri,* for appellant.

*Louis Wagner,* with him *T. J. Clary* and *R. A. Smith,* for appellee.

OPINION BY CUNNINGHAM, J., January 31, 1939:

This is another workmen's compensation case with a long and involved history covering a period of eight years. The gravamen of the appellant-claimant's appeal is that, by reason of an erroneous decision by a referee in 1932 followed by a series of technical maneuvers upon the part of her employer and its insurance carrier, she has been deprived of her right, under the Workmen's Compensation Act of June 2, 1915, P. L. 736, and its amendments, to a hearing upon the merits of her claim for additional compensation alleged to be due her by reason of the recurrence of disability attributable to an accident suffered by her in the course of her employment.

In our opinion, the action of the first referee in dismissing, upon purely technical grounds, claimant's first petition for reinstatement of her compensation agreement was erroneous. She was entitled to a hearing upon the merits of that petition; much time and labor might have been saved if claimant had been accorded her right to a hearing at that time upon the merits of her contention and justice could have been more accurately administered between employer and employee then than now.

In the open compensation agreement executed by the parties and approved by the board it was set forth that claimant, during her employment as a waitress and while running to turn off water in a coffee urn on October 3, 1930, slipped and fell, striking her head and sustaining a slight concussion of the brain. Under that agreement she was paid compensation for total disability at the rate of $8.78 per week for a period of 65-4/7 weeks. The last payment was made on December 18, 1931, and was in full of compensation up to De-

cember 22d. On the latter date claimant returned to work, but refused to sign a final receipt.

Her employer, invoking the provisions of Section 413 of the statute, 77 PS §774, filed a petition, on December 28, 1931, to terminate the agreement as of December 22d. By the express provisions of the section, the filing of this petition suspended the payment of compensation under the agreement "to such extent as the facts alleged in the petition would, if proved, require."

The only fact alleged in the petition was that "claimant returned to work on December 22d." She promptly filed an answer in which she averred her "disability [had] not ceased"; that she was "still disabled and only able to do light work." Under this petition and answer the issues whether claimant was still partially disabled, and, if so, to what extent, were held in abeyance until some disposition thereof was made by the referee. Manifestly, none of the time limitations of the statute could justly be considered as running against claimant during the time the petition for termination and her answer thereto were pending before the referee. She could not know whether the agreement would be terminated, either in whole or in part, until the referee made some order. See *Higgins v. Com. C. & C. Co. et al.*, 106 Pa. Superior Ct. 1, 11, 161 A. 745; *Roeschen v. Dietrich et al.*, 107 Pa. Superior Ct. 298, 163 A. 63.

On July 19, 1932, the referee made an order terminating the agreement upon the ground that claimant "had returned to work on December 22, 1931, at the same rate of pay and has been working since that time." The mere fact that claimant's employer had seen fit to pay her the same wages she had been receiving before the accident was not, in and of itself, a sufficient basis for terminating the agreement: *Plum v. Hotel Washington et al.*, 125 Pa. Superior Ct. 280, 189 A. 792; *Conley v. Allegheny County*, 131 Pa. Superior Ct. 236, 239, 200 A. 287.

Claimant, however, did not appeal from this order

of the referee, nor seek a rehearing, and must, therefore, be considered as having acquiesced in the proposition that her compensation agreement was properly terminated as of December 22, 1931.

The action by the same referee which was erroneous and upon which we think this case hinges arose out of the subsequent filing by claimant of a petition for the reinstatement of the terminated agreement.

Her petition was filed May 18, 1933,—more than one year after the last payment of compensation under the agreement (December 18, 1931,) but *within* one year after the order of July 19, 1932, terminating the agreement.

It was filed under the second paragraph of Section 413, as amended April 13, 1927, P. L. 186, 77 PS §772, and the ground upon which reinstatement was sought was a "recurrence" of total disability occasioned by "intense pains in the head," rendering claimant "unable to do any work." It should be noted that the ground upon which reinstatement was asked was a recurrence and not a continuation of disability, as was the case in *McGuire v. Dougherty & Jennings,* 119 Pa. Superior Ct. 485, 180 A. 168. The employer and its carrier answered, denying the alleged disability and specifically pleading that consideration of the merits of claimant's allegations was barred by the limitation contained in the paragraph to the effect that, "except in the case of eye injuries, no agreement ...... shall be ...... reinstated, unless a petition is filed with the board within one year after the date of the last payment of compensation."

The referee, without taking any testimony, dismissed the petition on July 7, 1933, solely upon the ground that it had not been filed within one year after the last payment of compensation—December 18, 1931.

We have already stated our reasons for holding that the limitation of one year, here pleaded, began to run

on July 19, 1932, the date of the order of termination, and not on December 18, 1931.

Instead of dismissing the petition upon a pure technicality, the referee should have afforded claimant an opportunity to submit evidence in support of the issues involved under it and the answer. The issues which the referee should have heard and decided in accordance with the weight of such evidence as the parties might have produced, if given opportunity, were: (a) Whether there had in fact been a recurrence of disability attributable to the accident; (b) If so, the extent thereof; and (c) Whether any recurrence shown occurred within one year after the date as of which termination was ordered—December 22, 1931. Although the limitation did not begin to run in this case until the date of the *order* of termination, a recurrence, in order to be compensable under the section, must have occurred within one year after the date as of which the original disability ceased—here, adjudicated to have been December 22, 1931.

Claimant did not appeal from the order of July 7, 1933, but on December 6th of that year filed a second petition for reinstatement which was dismissed on May 29, 1934, by the referee because not filed within a year from the last payment of compensation. From this order claimant appealed to the board; it permitted the petition to be so amended as to make it a petition for a rehearing of the dismissal order of July 7, 1933, granted a rehearing, citing *Busi v. A. & S. Wilson Co. et al.,* 110 Pa. Superior Ct. 95, 167 A. 655, and referred the matter to a referee for "ascertainment of the merits." The defendants then appealed to the common pleas. On April 18, 1935, that tribunal dismissed the appeal as premature because the board's order was interlocutory, but expressed the opinion, with which we do not agree, that the original order of dismissal was warranted. Upon the return of the record, the board, as then constituted, deeming itself bound by the expressions contained

in the opinion of the court below, dismissed, on June 3, 1936, the petition of December 6, 1933.

On November 6, 1936, claimant, through her counsel, filed a petition for a rehearing, under Section 426, as amended, 77 PS §871, of the action taken by the board on June 3, 1936. This petition was accompanied by a report of a competent physician that claimant's disability is mental in character and her injuries real. Upon full consideration of the petition and defendants' answer, the board granted a rehearing and remanded the record to a referee for a hearing upon the merits.

Defendants again appealed to the common pleas. In an opinion filed June 17, 1938, the court below again reviewed the case, sustained the dismissal of the original petition for reinstatement and directed the board to dismiss the petition of November 6, 1936, for a rehearing.

The present appeal is from that order, which is, in effect, a judgment in favor of the employer and its insurance carrier.

During a considerable portion of the long period of this litigation the claimant was not represented by counsel. It appears from the record that she was without counsel when she filed her second petition for reinstatement and that the board appointed counsel for her. It was upon the motion of counsel so appointed that the board permitted that petition to be amended into one for a rehearing of the erroneous order of dismissal. We are not convinced the board erred in treating the petition of December 6, 1933, as one for a rehearing of the erroneous order of July 7, 1933. True, appeal is the direct remedy, but application for a rehearing is an auxiliary one.

It was said in the Busi case, supra, (p. 101) : "In the administration of this humane legislation, it is not the policy of this court to impale a deserving claimant upon technicalities of pleading, or a mistake in filing his petition under an inapplicable section of the act, provided he adduces evidence showing that he is entitled

to relief under any of its provisions." All this claimant has so repeatedly sought is an opportunity to adduce evidence in support of her contention that the disability she now suffers is a recurrence, within the meaning and terms of the statute, of the disability which immediately followed the accident.

If the original referee had not committed the error of law pointed out in the beginning of this opinion, she would have had that opportunity long ago.

The amendment allowed by the board to the petition of December 6, 1933, seems to distinguish this case from the recent one of *Calabria v. State Workmen's Insurance Fund et al.*, 333 Pa. 40, 3 A. 2d. 322, reversing the decision of this court reported at 132 Pa. Superior Ct. 118, 200 A. 169. As we read the record, there is no hiatus in it which would make it improper for us to direct that she be given an opportunity to prove, if she can, a recurrence of disability within one year from December 22, 1931. If she succeeds, her employer and its insurance carrier will, in the language of the Calabria case, "be brought in again," as contemplated by Section 413, and if she does not, no harm will be done them. It was their unwarranted technical objection to a hearing on the first petition for reinstatement which caused most of the delay and confusion in this case. We think the interests of justice will be best served by reversing the order appealed from.

The order of the court below of June 17, 1938, is reversed; the record is remitted, through the court below, to the board for further proceedings, consistent with this opinion, upon the petition of November 6, 1936, for a rehearing.