## Fritsche v. O'Neill, etc., et al.

*Louis Wagner*, for claimant.
*John P. Erwin*, for defendants.

FINLETTER, P. J., December 28, 1939.—Defendant appealed from an award against him by the Workmen's Compensation Board. Subsequently he filed a petition for a rehearing by the board. This petition was dismissed, and defendant has appealed from the action of the board in refusing the rehearing. The two appeals have been consolidated.

The facts are somewhat unusual. Claimant alleges that she is the widow of the deceased employe, Arthur Fritsche, having been married to him on February 2, 1905. It was brought out in the testimony that she had been previously married to one John Deutsch, in either Czechoslovakia or Poland, and that they had been divorced on October 16, 1903, in Prague, then in the Austrian Empire, and later in Czechoslovakia. A copy of the decree was received by defendant from the American Consul in Prague shortly before the date of the rehearing, December 12, 1938. It is set forth as follows:

"*Decree.* After attempts at reconciliation made in vain, separation from bed and board is granted to the consort Johann Deutsch, Catholic, plumber and municipal waterworks foreman at Haida, and Anna Deutsch, nee Gohler, Catholic, wife of this waterworks foreman, at Haida, married in the Parish Church of St. Peter at Poric in Prague on the 4th of November 1902, as a result of the petition filed by them by mutual agreement at the assembly arranged for an oral examination on the 16th day of October, 1903, on the basis of the legal action of Anna Deutsch with regard to the marriage.

Imperial Royal District Court of Bohm-Leipa
Dept. I on 10/27/1903, Kolditz.
For the correctness of the copy
The Office Chief
(Signed) Rubalek:"

The legal significance of this decree under the laws of Austria was, at the date fixed for the hearing, not known to the parties.

Defendant obtained a letter from Charles Cardinal Kaspar, Archbishop of Prague, in which he said that the decree amounted only to a legal separation and gave the parties no right to remarry.

Defendant sought expert testimony on the legal effect of such a decree, and it was not until October 4, 1939, that he was able to find an expert who could give testimony touching the legal effect of the decree—a gentleman named Reimer-Koch-Weser, who was a member of the New York and Berlin bars with a knowledge of the laws of the Austro-Hungarian Empire. Defendant obtained from him an opinion in the form of an affidavit setting forth the legal significance of the decree and concluding with the statement:

"The marriage between Johann Deutsch and Anna Deutsch was not dissolved by the decree of the Imperial Royal Circuit Court and on the strength of said decree Anna Deutsch was not permitted under Austrian Law to remarry."

We note his reference to "Austrian law." The geographical limits of Austria, in 1903, when the decree was entered, included Prague, so that both the marriage and the divorce of the claimant were regulated by Austrian law.

The petition for the rehearing should in our opinion have been granted. It had the fundamental basis of involving claimant's status. As Mr. Justice Linn said in Fedak v. Dzialdowski, 101 Pa. Superior Ct. 346, 348 (speaking for the Superior Court):

"The board has ample power to grant rehearings; Sec. 426, 1919, P. L. 642, 645; 1927, P. L. 186, 196; 77 PS Sec. 871; Manley v. Lycoming Motors Corp., 83 Pa. Superior Ct. 173." See also Porto v. Philadelphia & Reading Coal & Iron Co., 124 Pa. Superior Ct. 431.

Claimant urges that defendant's position is similar to that of one asking for a rehearing on alleged after-dis-

covered facts, which might with diligence have been discovered before the hearing. She also suggests that he should have consulted the office of the German Consul in New York where he would be likely to have discovered an expert on the law of Austria. Just why he should go to a German source to ascertain the law of Austria or Prague, or Czechoslovakia, is not apparent. She says Austria is now part of the German Reich. But it was not so in 1902 or 1903 when the marriage and divorce in question took place.

It does not appear that the rules relating to after-discovered testimony are in point in the instant case. Defendant knew that a decree affecting the marital status of claimant had been entered. On its face it was not an absolute divorce. Its language indicated a separation from bed and board, which in our jurisdiction is not an absolute divorce. It may be, however, and its legal effect could only be disclosed by an expert in Austrian law.

Claimant alleges that defendant has not been diligent to find the needed expert. It may be so. But it is not so on the facts as we now know them. The rehearing, at which this subject will be admissible, will disclose the facts that are pertinent. And we think the door is still open to claimant to submit proofs on this subject.

In our opinion the record should be remitted to the board to give it an opportunity to hold a rehearing on the subject of the petition, that is, the marital status of claimant. We express no opinion on the subjects raised by defendant's first appeal, but, since the two appeals have been consolidated, we remit the whole record to the board. The board will in its discretion fix the time for the rehearing.

### Order

The record in the two appeals of defendant is remitted to the board to give it an opportunity to hold a rehearing on the subject of the marital status of claimant.