## Hurzon v. Christopher Mining Co. et al.

*Franklin J. Docktor,* for claimant.
*Odel Parkinson,* for defendant.

ACHESON, J., April 15, 1944.—In the above-entitled case, claimant was injured on September 30, 1939, while in the course of his employment with defendant coal company. Claimant was loading his cutting machine on a truck when slate and coal fell from the roof and knocked him down on the bottom of his working place, and his injuries were diagnosed as bruises of the upper right arm and contusions of the back.

Defendants entered into an open agreement with him whereby his average weekly wage was determined to be $29.67, and the company agreed to pay him compensation at the rate of $18 per week, beginning October 7, 1939, but "subject to modification or termination by supplemental agreement, order of the Workmen's Compensation Board or final receipt".

Some time later, claimant acknowledged receipt of $41.14, which, with the payments theretofore received by him, made a total of $419.14, and signed a final receipt, in which claimant stated that he was "able to return to work on March 18, 1940, without any loss of earning power due to aforesaid injuries"; this receipt, however, is not dated.

On June 19, 1940, claimant swore to a petition asking the board to set aside the final receipt under the provisions of section 413 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by

the Act of June 21, 1939, P. L. 520, for the reason that, at the date of the execution of the same, "petitioner was not in fact able to return to work, without loss of earning power, and the petitioner had a condition of existing disability at the time the final receipt was taken".

To this petition defendant company filed an answer denying the allegations in the petition to set aside and contending that on March 19, 1940, all of claimant's disability, resulting from the accident of September 30, 1939, had ended. The answer raised the question that claimant had not averred that the "final receipt was procured by fraud, coercion or other improper conduct, or that it is founded upon a mistake of law or of fact". This petition was referred to Referee Gibb, who held a hearing, took testimony, and filed his decision on or about March 27, 1941. The referee dismissed the petition to set aside the final receipt, holding that all disability from the injuries suffered by claimant on September 30, 1939, had ceased at the time the final receipt was executed, and also holding that claimant had failed to prove that the final receipt was secured by fraud, coercion, or improper conduct on the part of defendant.

Claimant took an appeal from the referee's findings of fact and from the referee's conclusions of law, and the Compensation Board filed an opinion, written by Commissioner Knoll, in which the commissioner stated that when the case was called for hearing before the referee claimant's counsel had moved to amend his petition to read as though it had been filed under paragraph 2 of section 413 of The Workmen's Compensation Act of June 21, 1939, P. L. 520, and that defendant had objected to this amendment. The opinion further stated that the referee had concluded as a matter of law that claimant had failed to prove any fraud, coercion or improper conduct on the part of defendant, and that, therefore, claimant was not entitled to have

the final receipt set aside or the agreement reinstated. The board held that the referee had fallen into error and that claimant had a right to have his original petition amended so as to be considered as one lying within paragraph 2 of section 413. The board set aside the findings of fact, conclusions of law, and order of dismissal, as made by the referee, and remanded the record to the referee for the purpose of a rehearing, "with the privilege of requesting an impartial orthopedic surgeon if the testimony should disclose a need for such". The referee then fixed the time for another hearing, which was held, at which the testimony of Dr. Willison, an impartial physician, was taken, and on or about March 19, 1942, the referee filed his decision. On or about April 6, 1942, the referee filed "an amended referee's award or disallowance of compensation". The referee directed that the compensation agreement originally entered into between claimant and defendant company should be reinstated as of April 17, 1940, to provide for the payment of compensation for 50 percent partial disability, and awarded compensation at the rate of $9.89 per week beginning April 17, 1940, and "to continue until the claimant's disability ceases or changes in extent not exceeding the statutory limitations". Defendants appealed to the Compensation Board, and on October 23, 1942, the board affirmed the decision of the referee and dismissed the appeal.

On June 16, 1943, claimant presented to the board a petition, reciting the opinion of the board filed October 23, 1942, in which opinion the award of compensation was based on claimant's average weekly wage of $29.67. The petition for rehearing set forth, inter alia:

"3. That said average weekly wage was not calculated correctly, and not in accordance with The Workmen's Compensation Act.

"4. That claimant was in the employ of defendant for approximately only three weeks prior to the accident on September 30, 1939. . . .

"7. That claimant has proof that the correct average weekly wage is considerably higher than $29.67."

Claimant concludes his petition with a prayer that the board "reconsider and rehear the case to the extent of raising the wage basis used in calculating the award." The petition is not, however, "Supported by detailed affidavits supporting the material allegations whenever possible".

Defendant company, on or about August 2, 1943, filed an answer to claimant's petition for rehearing, in which defendant stated, inter alia:

"3. That the referee's decision awarding compensation on the basis of 50 percent of partial disability fixed the average weekly wage at $29.67; that this action was affirmed by the board on October 23, 1942, and that compensation had been paid to claimant under the award up to the time of the filing of the answer.

"4. That, according to all available records, claimant's average weekly wage was $29.67; that this had been agreed to by claimant and that neither at the hearings before the referee nor before the board had any question been raised as to the correctness of the average weekly wage. Defendant further averred that claimant did not appeal from the order fixing his wage and had accepted payments in accordance therewith, until shortly before the filing of the answer.

"5. That the decision of the referee and board was res adjudicata. That there was no allegation in the petition for rehearing that there was any new evidence which was not available at the previous hearings."

On October 26, 1943, the board entered an order in the matter of claimant's petition for rehearing, as follows:

"It appearing to the board that the petition for a rehearing, filed by claimant, fails to conform with the requirements of The Workmen's Compensation Act, either in form or substance, the same is denied."

From the decision of the Compensation Board claimant, on November 13, 1943, took an appeal to this

court and, with his appeal, filed certain exceptions, as follows:

"1. The board erred in denying claimant's petition for rehearing 'for the reason that the order failed to comply with the requirements of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended'.

"2. The board erred in making that order 'for the reason that there is no authority in law to make such order'.

"3. The board erred as a matter of law in denying claimant's petition for rehearing."

Appellant also averred that the board erred in finding that claimant's petition for a rehearing failed to conform with the requirements of The Workmen's Compensation Act for the reason that that act does not prescribe the form or substance of such petition.

On November 23, 1943, defendant company and its insurance carrier filed a motion to quash said appeal. The reason assigned by defendants in support of their motion to quash was that the appeal had been taken from the order of the board denying claimant's petition for rehearing, and that the matter of granting such rehearing was solely within the discretion of the board, and for the additional reason that an order denying the petition for rehearing was interlocutory and from such order no appeal will lie.

The matter now comes before the court, after argument, on claimant's appeal from the Compensation Board and defendant's motion to quash claimant's appeal from the order of the Compensation Board.

The Act of July 21, 1919, P. L. 1077 (which in terms repealed the Act of June 2, 1915, P. L. 758, and the Act of April 20, 1917, P. L. 93), created the Bureau of Workmen's Compensation of the Department of Labor and Industry and also created the Workmen's Compensation Board. In section 16 of that act it is provided as follows:

"It shall be the duty of the board to make all proper and necessary rules and regulations for the legal and

judicial procedure of the bureau, and to promptly hear and determine all petitions and appeals, and to perform such other duties as shall be required."

Pursuant to the authority conferred by the Act of 1919, supra, the Workmen's Compensation Board promulgated certain "Rules of Procedure" on January 1, 1929. One of those rules appears at page 8 of the pamphlet containing the entire set of rules, and that rule was promulgated with reference to section 426 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as the same was amended by the Act of April 13, 1927, P. L. 186, and last amended by the Act of May 27, 1943, P. L. 691. As so amended, section 426 provides that the board, upon a party's petition and upon cause shown at any time before the court of common pleas has taken final action on an appeal from the board, may grant a rehearing of a petition which the board either allowed or refused. Such rehearing, however, cannot be granted more than one year after the board's final action.

The rule of the board with reference to petitions for rehearing, under section 426 of The Workmen's Compensation Act, as amended, provided in part as follows:

*"Petition for rehearing after award or disallowance by the board*

Section 426

"There is no prescribed form for this petition. The provisions are considered by the board as being intended primarily for reconsideration of a claim because of after-discovered evidence. The petitioner is required to set forth fully the reasons alleged to justify further consideration and if permission is desired to offer additional testimony, the petition should contain an outline of such testimony and present reasons for failure to produce the evidence before final action was taken by the board."

The rule above referred to with reference to rehearings was amended by the Compensation Board in 1938, and as amended reads as follows:

"Petition for rehearing shall set forth fully the reasons alleged to justify further consideration and shall be supported by detailed affidavits supporting the material allegations whenever possible. If permission is desired to offer additional testimony there should be annexed to the petition affidavits of witnesses whose testimony the board is requested to receive, outlining in concise form, the testimony desired to be given."

It would seem, therefore, that there can be no question that under the Act of 1919, supra, the Workmen's Compensation Board not only had the right, but it was its duty, to make rules and regulations for procedure before the board and that the rule regarding rehearings as promulgated by the board in 1929 (and as amended in 1938) was a proper regulation to be put in operation by the board concerning the rehearing of cases that had already been heard and determined by the board. It seems to be equally clear that the petition of claimant for a rehearing before the board did not conform to the regulations of the board as set forth in the rule above mentioned. There were no supporting affidavits detailing the material allegations which petitioner claimed justified further consideration by the board.

In the seventh paragraph of his petition claimant averred that he "has proof" as to his correct weekly wage. This would seem clearly to indicate that he desired to offer testimony on that subject. If so, his petition was not in compliance with the board's rules, for there were not annexed to the petition any "affidavits of witnesses whose testimony the board is requested to receive, outlining in concise form, the testimony desired to be given", as required by the last sentence of the rule above quoted.

As this petition did not, however, specifically ask permission to "offer additional testimony", we do not rest our decision on this particular point.

Section 426 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as variously amended by the Acts of June 26, 1919, P. L. 642, 665, April 13, 1927, P. L. 186, June 4, 1937, P. L. 1552, June 21, 1939, P. L. 520, and May 27, 1943, P. L. 691, now provides that the Compensation Board, "upon petition of any party and upon cause shown, at any time before the court of common pleas . . . to which an appeal has been taken . . . shall have taken final action thereon, may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling, or upon which the board has sustained or reversed any action of a referee; but such rehearing shall not be granted more than one year after the board has made such award, disallowance, or other order or ruling, or has sustained or reversed any action of the referee."

It will be observed that *apparently* the right of the board to grant such relief was limited to cases where an appeal *had been taken* to the common pleas court, and such court *had not taken final action thereon.* That very question was raised in Manley v. Lycoming Motors Corp., etc., 83 Pa. Superior Ct. 173, where claimant was disallowed compensation, but failed to take an appeal. More than ten days after the time for taking such appeal, the board gave claimant a rehearing; its action was affirmed by the lower court, and on appeal this action was affirmed by the Superior Court in an opinion by Judge Keller. In speaking with reference to section 426 of The Workmen's Compensation Act, as then amended only by the Act of June 26, 1919, P. L. 642, Judge Keller says (p. 175) :

"The appellants contend that this section limits the board, in its grant of a rehearing, to cases which have been appealed to the court of common pleas, but we

place no such narrow construction upon it. It does not read, 'Whenever an appeal has been taken to the court of common pleas, of any county, and is still pending, the board may, upon petition of any party, upon cause shown, grant a rehearing', etc. The clause relating to an appeal has no such restrictive meaning. It means rather, as it says, that such rehearing may be granted by the board, upon petition and cause shown, at any time, except that if an appeal has been taken to the court of common pleas under section 427, the rehearing must be granted before final action has been taken by such court thereon. This construction is strengthened by the last sentence of the section above quoted. If the whole section is limited in its scope to cases in which appeals have been taken to and are pending in the courts of common pleas, there would be no necessity for inserting the conditional clause, but the duty of the board to file in such court a certified copy of its order granting a rehearing and of the court thereupon to remit the record would apply in all cases. The fact that it was thought necessary to make the distinction is persuasive evidence that the right to grant a rehearing, for cause shown, applies to cases not appealed as well as to those where an appeal is pending.

"A fair reading of the section, having in mind its evident purpose, is to authorize a rehearing, at any time, upon petition and cause shown—that is, when justice requires,—of any petition upon which the board has made an award or disallowance of compensation, with this qualification, that if an appeal has been taken to the common pleas, the rehearing must be granted before final action by that court, and in that event, the board shall file in such court a certified copy of its order granting a rehearing and thereupon the court must cause the record to be remitted to the board. . . .

"But appellants assert that where a claimant has not appealed from the award or disallowance of the referee, the board has made no award or disallowance, and

hence section 426 does not apply; but this is sticking in the bark. The referee is simply the agent of the board; . . . and the referee's report and award, unappealed from, is considered the action of the board."

In Newancavitch v. Pittsburgh Terminal Coal Corp., 131 Pa. Superior Ct. 391, the Superior Court, in an opinion by Keller, P. J., reaffirmed its decision in Manley v. Lycoming Motors Corp., supra, and held that section 426 of The Workmen's Compensation Act of 1915, as amended by the Act of April 13, 1927, P. L. 186, considered in conjunction with section 413 of The Workmen's Compensation Act of 1915, does not limit a rehearing by the board to cases *which have been appealed* to the court of common pleas. Judge Keller says (pp. 393-394) :

"While not expressed as clearly as might have been done, it is apparent from a reading of the whole of the amended section 426, in connection with the amended section 413, that the Board upon petition of any party and upon cause shown may grant a rehearing of any petition upon which the Board has made an allowance or disallowance of compensation or other order or ruling, including cases where an appeal has been taken to the common pleas from said order or ruling, provided that such rehearing shall not be granted more than one year after the Board has made such award, disallowance or other order or ruling, or has sustained or reversed any action of the referee."

In Schach v. Hazle Brook Coal Co., 130 Pa. Superior Ct. 430, claimant was injured in 1932 while in defendant's employ, and a compensation agreement was entered into. About two years later defendant filed a petition to terminate the agreement and, after a hearing, the referee dismissed the petition to terminate. An appeal was taken to the board, but the referee's decision was affirmed. No appeal was taken by defendant from the board's action, but in 1935 defendant filed a petition with the board praying for a rehearing on the ter-

mination petition, alleging that prior to the hearing "the claimant worked at various jobs for which he was paid." Claimant filed an answer denying that allegation, and later the board dismissed the petition for rehearing. Defendant then appealed to the common pleas court, contending that the refusal of the board to rehear was an abuse of discretion. The lower court dismissed defendant's appeal and affirmed the order of the board in dismissing the petition. An appeal was then taken to the Superior Court, which affirmed the lower court's order, "on the opinion of Judge Palmer". In his opinion dismissing defendant's appeal from the board's order Judge Palmer says (p. 432) :

"The petition for rehearing did not aver that this alleged knowledge of the claimant having worked at various jobs was obtained after the hearing or that even by the exercise of ordinary diligence they could not have presented this evidence at the hearing. In other words, they do not aver that this fact was afterwards discovered.

"We cannot come to the conclusion, after a consideration of all the circumstances before us, that the Board abused the discretion given it by the Act of 1927, P. L. 186, sec. 8, as the Board did not exceed the bounds of reason in refusing a rehearing."

In Zendek v. Moshannon Smithing Coal Co. et al., 45 D. & C. 489, claimant filed a petition for compensation and the referee made an award in his favor. An appeal was taken to the board, which affirmed the referee's award. Between the date of the referee's decision and the board's decision, the insurance carrier filed a petition for rehearing. The board affirmed the referee's award and included therein an order dismissing the petition for rehearing. Judge Smith, of Clearfield County, sustained the board's award and also sustained the board's action in refusing the petition for rehearing.

In his opinion, Judge Smith says (p. 490) :

"The one question argued before the court was whether or not in dismissing the petition for rehearing the board abused its discretion. Appellant concedes, as it must, that the allowance of a rehearing is discretionary with the board, and unless the action of the board amounted to an abuse of discretion it could not be disturbed by the court. . . .

"The petition for rehearing is based upon after-discovered evidence, and to it is attached the affidavit of one Edward Fitch that he had attended school with claimant in 1924, when the earlier injury occurred through a dynamite cap explosion. . . . The petition also alleges that there was other after-discovered evidence of the same nature, and alleges that this evidence was not available, in spite of diligent effort, before the hearing.

"We see no reason for disturbing the action of the board. . . .

"Appellant complains of the board's failure to discuss the petition for rehearing, but there was no obligation upon it to do so, as the matter was discretionary, and the record speaks for itself."

Claimant in his brief has quoted from Wheeler v. National Nayle Grip Co., 27 A. (2d) 513, and the part so quoted by him from that report does not appear in the official report of the case as found in 149 Pa. Superior Ct. 596. The part of the opinion in this case which appears in claimant's brief reads as follows:

"Refusing petition for Rehearing was appealable Order since the contention of invalidity was based on an error of law Viz. the failure of the Order to comply with the requirements of The Workmen's Compensation Act."

This does not appear anywhere in the official report of this case in 149 Pa. Superior Ct. 596. It is not, therefore, a part of the opinion and the report of the case as it appears in the official State Reports is controlling.

In his brief, claimant's counsel cites Busch v. Jones & Laughlin Steel Corp., 150 Pa. Superior Ct. 48, as holding that:

"The proper procedure to obtain a correction of Workmen's Compensation award alleged based on erroneously computed average weekly wage was to file a petition for Rehearing before the Board."

On the same subject he also cites Calabria v. State Workmen's Insurance Fund et al., 333 Pa. 40.

In the former case, the board affirmed an award, and claimant, a few years later, filed a "Petition for Termination of Modification", the grounds alleged being a wrong computation of the wage base. In the Superior Court's opinion, Judge Kenworthey said that the proper procedure was to file a petition for a rehearing under section 426 of The Workmen's Compensation Act, as amended.

In the Calabria case, claimant was injured in the course of his employment and a compensation agreement was entered into. Later defendant filed a petition for termination and the referee entered an order of termination, from which no appeal was taken. Subsequently, claimant filed a "Petition for Review". Defendant answered that the agreement had been terminated and therefore there was no "agreement to be reviewed". This petition was dismissed. Subsequently, claimant filed a petition for rehearing and defendant filed an answer to that petition. The Compensation Board then made an order stating: "The petition for rehearing in this case is denied without prejudice to claimant's right to timely file another petition supported by proper detailed affidavits." Claimant did nothing for nearly a year, when he made an affidavit to a petition for rehearing, and defendant answered that this latter petition had not been filed within one year from the referee's order of termination. The board, however, granted the rehearing and referred the proceeding to a referee, who dismissed the petition. An appeal was taken to the board, which set aside the referee's order and directed compensation to be paid. Defendant then appealed to the court of common pleas,

which dismissed the appeal. Defendant then appealed to the Superior Court, which affirmed the lower court's order: 132 Pa. Superior Ct. 118. On appeal to the Supreme Court, however, the judgment was reversed in an opinion by Linn, J., who said (p. 44) that the order of June 18, 1935, disposed of the application finally and at the same time "warned claimant of what he must do within the time provided by the statutory regulation if he wished to go ahead . . . When the petition of May 20, 1935, was dismissed, nothing remained before the Board; the State Fund was dismissed and was no longer subject to the Board's order on that petition; it might of course be brought in again, as we have said, if claimant renewed the proceeding as provided by the Act; but this he failed to do."

In Lemke v. Hazle Brook Coal Co., 6 Schuyl. Reg. 17, defendant appealed from the action of the Workmen's Compensation Board. After an injury to claimant, a compensation agreement was executed. Later defendant petitioned for termination of the agreement, and, following a hearing, the board made an award for partial disability for 300 weeks. This was affirmed by the board and the Superior Court. Defendant then filed another petition for termination, setting forth that there was no causal connection between claimant's injury and his then present condition. The referee dismissed the petition for termination. Defendant did not appeal, but petitioned the board for a rehearing for the purpose of affording defendant the opportunity of "further corroborating its medical testimony". This petition was dismissed and defendant appealed.

In the opinion, Houck, P. J., refers to section 426 of the Act of June 4, 1937, P. L. 1552, as conferring jurisdiction on the board to grant rehearings, and says that the exercise of the power is not subject to interference, unless there is an abuse of discretion, and that the record in the instant case did not disclose any such abuse. On the proposition that the exercise of the board's

power is not subject to interference except for an abuse of discretion, Judge Houck cites Schach v. Hazle Brook Coal Co., 130 Pa. Superior Ct. 430. In his opinion, Judge Houck says (p. 18) :

"The board dismissed the petition for rehearing because of a lack of merit and because of noncompliance with the rule of the board requiring the petition to contain an outline of the additional testimony to be offered. According to the petition, defendant merely seeks the opportunity of producing cumulative evidence. It does not appear that defendant was prevented from presenting any evidence it had. It does not allege that the evidence is after-discovered evidence. What witnesses it desires to call, or what evidence it expects to elicit from them, is stated only in very general terms. It certainly does not appear that the ends of justice require a rehearing in this long continued litigation which involves nothing but questions of fact. 'The circumstances justifying a rehearing would, of course, have to be exceptional, and the board can be trusted to see that the privilege is not abused:' Manley v. Lycoming Motors Corporation, etc., 83 Pa. Superior Ct. 173, 180. Not only are there no exceptional reasons in this record —there is no good reason for a rehearing. Consequently, the board did not abuse its discretion in refusing a rehearing."

As we have already said, the Act of 1919, supra, authorized the board to make rules and regulations for the procedure of the Bureau of Workmen's Compensation, and pursuant to that authority the board formulated certain rules which have been heretofore referred to. Claimant's petition for a rehearing did not conform to the rule of the board heretofore quoted for the reason that it did not "set forth fully the reasons alleged to justify further consideration". The petition for a rehearing simply asked that the board reconsider and rehear the case "to the extent of raising the wage basis used in calculating the award". The petition averred

that "the claimant has proof that the correct average weekly wage is considerably higher than $29.67". The foregoing are the only pertinent matters in claimant's petition for a rehearing. The matter of granting or refusing a rehearing of claimant's petition is one largely within the discretion of the Workmen's Compensation Board (Zendek v. Moshannon, etc., Co., supra), subject, of course, to the supervisory powers of the courts as to whether or not the board abused the discretion so vested in it.

Inasmuch as the petition of claimant for a rehearing did not conform to the rules that the board had formulated regarding such matters, it was entirely within the province of the Compensation Board to refuse a rehearing. It might, and perhaps would, have been better if the board had stated in its order of October 26, 1943, that the petition was refused because petitioner had failed to comply with the requirement of the rules and regulations formulated by the board regarding such matter. If the order had so stated, we cannot see that any sound objection could have been made to the action of the board. Instead of so stating, the order of the board, however, set forth that the petition for a rehearing was denied because it appeared that the petition "failed to conform with the requirements of The Workmen's Compensation Act either in form or substance". We regard claimant's contention that "The Workmen's Compensation Act does not prescribe a form or substance of such petition" as highly technical.

As stated above, the case was presented to the court in two ways: (1) Claimant's appeal from the order of the Compensation Board; and (2) defendant's motion to quash this appeal. Defendant's motion to quash the appeal, therefore, raises two questions: (1) That the granting or refusing of a rehearing is a matter solely within the discretion of the Compensation Board; and (2) that an order denying a petition for a rehearing is interlocutory and from that action no appeal lies. We

will now discuss defendant's motion to quash claimant's appeal.

The reason given in support of defendants' motion to quash this appeal is that the appeal taken by claimant is from an order of the board denying a petition filed by claimant for a rehearing: "whether or not rehearing is to be granted is a matter solely within the discretion of the Workmen's Compensation Board and an order denying a petition for rehearing is interlocutory and from which no appeal lies".

In support of its motion to quash the appeal, defendants cite Schach v. Hazle Brook Coal Co., 130 Pa. Superior Ct. 430, and Newancavitch v. Pittsburgh Terminal Coal Corp., 131 Pa. Superior Ct. 391.

In the Schach case, there is no decision by the Superior Court that an order of the board denying the petition for rehearing is interlocutory, from which no appeal lies. In that case, the Compensation Board dismissed a petition for rehearing; an appeal was taken to the common pleas court, which affirmed the order of the board in dismissing the petition for rehearing. The Superior Court affirmed this action of the lower court. Judge Palmer based his affirmation of the board's action on the failure of defendant to allege in its petition that the evidence it desired to offer was "after-discovered evidence".

In the Newancavitch case, the Superior Court did hold that an appeal would not lie from an interlocutory order of the Compensation Board granting a rehearing. Judge Keller, in his opinion, said (p. 392) :

"We held in Giana v. Byllesby Engineering & Management Co., 122 Pa. Superior Ct. 156, . . . that an appeal does not lie from an interlocutory order of the Board granting a rehearing. Accordingly the appeal will be quashed."

In the Giana case, referred to by Judge Keller in the Newancavitch case, defendant appealed to the common pleas court from an order of the board *granting* a re-

hearing. The lower court dismissed the appeal as premature, and, in his opinion in that case, Judge Keller says (p. 157) :

"We agree with the court below that an appeal does not lie from such an interlocutory order."

In Pennsylvania Steel Company's Appeal, 161 Pa. 571, exceptions were filed to a report of viewers, and on the same day an appeal was taken from the viewers' report and from their findings. There were eight exceptions and the lower court held that the first exception raised a question of fact which must be settled by an appeal and trial by jury. As to the other exceptions, the court overruled them "without prejudice to an appeal by the exceptants, if taken within the time prescribed by law, on the question of the amount of damages". An appeal was taken to the Supreme Court from the action of the lower court in overruling these exceptions. Subsequently, the municipality, whose attempt to open a street resulted in the petition for the appointment of viewers, presented a motion to the Supreme Court to quash the appeal that had been taken from the lower court's overruling of these exceptions. The Supreme Court quashed the appeal in an opinion by Sterrett, C. J., who said (p. 575) :

"The action of the court below on the exceptions to the viewers' report is clearly not a final decree within the meaning of the act. . . . It is clearly insufficient for the reason that it does not amount to a final decree. When the questions involved in this appeal are settled and the exceptions to the award are finally disposed of by the court below, we will have a final decree, and an appeal therefrom will bring up for review the entire case. No judgment or decree is final that does not terminate the litigation, between the parties to the suit, in that jurisdiction."

By the order of the board of October 23, 1942 (affirming the referee's amended award), the compensation agreement previously entered into between claim-

ant and defendants was reinstated as of April 17, 1940, to provide for payment of compensation for partial disability at the rate of $9.89 per week and to continue until claimant's disability ceased or changed in extent, but not exceeding the statutory limitations. It would *appear* from defendants' brief that after the board had affirmed the referee's amended award of compensation no appeal was taken and that compensation had been paid by defendants and accepted by claimant. At the time claimant's petition for rehearing was filed, claimant was receiving $9.89 per week, and if his petition for rehearing had been allowed it might have been that his compensation would have been increased. The board's denial of the petition for a rehearing was, therefore, a denial of his alleged right to have any increases in compensation and it would seem that that order of the board was consequently a final order from which an appeal would lie to this court.

In Gould v. Gould, 95 Pa. Superior Ct. 387, an action for divorce, libellant presented a petition for alimony pendente lite. The court awarded alimony and respondent appealed to the Superior Court. The appellee (libellant) filed a motion to quash respondent's appeal, contending that the order appealed from was interlocutory and that, consequently, no appeal from it would lie. The Superior Court overruled the motion to quash, modified the lower court's award of alimony and, as so modified, affirmed the lower court's order. In the Superior Court's opinion, Judge Keller says (p. 388) :

"The order is a final one, insofar as the money to be paid under it is involved; if the respondent pays it he can never recover it back: . . . The distinction between an appeal by one who is compelled to pay alimony . . . and by one who has been refused alimony . . . or who claims the amount awarded is insufficient, is obvious as respects the finality of the order for the purpose of review on appeal."

In Miller Paper Co. v. Keystone Coal & Coke Co., 275 Pa. 40, Sadler, J., says (p. 43) :

" 'Interlocutory judgments are such as are given in the middle of a cause, upon some plea, or proceeding, or default which is only intermediate, and does not finally determine or complete the suit . . .' 3 Blackstone 397 . . . 'A final judgment is such as at once puts an end to the action, by determining that the plaintiff is, or is not, entitled to recover, and (if the former) the amount in debt or damages to be recovered.' "

In Porto v. Phila. & Reading Coal & Iron Co., 124 Pa. Superior Ct. 431, after a claim petition had been entered into providing for total disability, the referee modified it so as to provide compensation for the loss of a foot. The Compensation Board affirmed this decision but without prejudice to claimant's right to present a petition for rehearing within the appropriate time. Subsequently, claimant presented a petition for review averring that he had recovered in part the industrial use of his foot. The referee dismissed this petition and the board affirmed the referee's order. Later, claimant presented a petition for rehearing. Defendant answered this later petition and, on April 16, 1935, the board made an order refusing claimant's petition for rehearing. Claimant then appealed to the lower court, which reversed the board and remitted the record for a rehearing, and from that order of the lower court defendant appealed and contended that the order of the board "dismissing claimant's petition and refusing a rehearing, is not appealable, and that it was within the sole discretion of the board to grant or refuse a rehearing". In his opinion sustaining the order of the lower court in this case, Judge Rhodes says (p. 434) :

"In Giana v. Byllesby Engineering and Management Co., 122 Pa. Sup. Ct. 156, 185 A. 866, the defendant appealed to the court of common pleas from an order of the board granting a rehearing of claimant's petition for compensation. The court dismissed the appeal as premature. In an opinion by President Judge Keller, at page 157, we said: 'We agree with the court below

that an appeal does not lie from such an interlocutory order. We are satisfied, moreover, that the order was within the discretionary power of the board.' In Barton v. Pittsburgh Coal Co., 113 Pa. Superior Ct. 454 . . . claimant presented a petition to the board for rehearing. The board refused a rehearing, and an appeal was taken to the court of common pleas from such refusal. The court affirmed the board. Claimant appealed; and we held, at page 463: 'We do not believe that there was any abuse of discretion in refusing the petition.'

"In Fedak v. Dzialdowski, 101 Pa. Superior Ct. 346, the board dismissed claimant's petition for rehearing, and the court of common pleas affirmed the action of the board. In reversing the court below, we said that the petition should have been granted. . . . An interlocutory judgment or order is one which determines some preliminary or subordinate point or plea, or settles some special question or default arising in the progress of the cause, but does not adjudge the ultimate rights of the parties, or finally put the case out of court. . . . If the petition for a rehearing, with which we are concerned, filed March 6, 1935, is finally refused, all opportunity of having his case given further consideration . . . is lost to claimant, and his case to that extent is at an end. . . . Therefore, the effect of the board's refusal of a rehearing was to 'finally put the case out of court.' The order of April 16, 1935, cannot be considered interlocutory; it is a final, appealable order."

From the foregoing authorities, therefore, it clearly appears that the order of the board of October 26, 1943, denying claimant's petition for rehearing was "a final, appealable order", and therefore the motion of defendant to quash said appeal must be dismissed.

The court, therefore, makes the following

### Order

1. And now, April 15, 1944, defendants' motion to quash claimant's appeal from the order of the Workmen's Compensation Board is hereby refused.

254

2. The appeal of claimant from the order of the Workmen's Compensation Board dated October 26, 1943, denying claimant's petition for rehearing is dismissed, and the said order of the Workmen's Compensation Board is hereby affirmed.