## Field *v.* Carson Valley School, et al.

Argued January 12, 1973, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Meyer A. Bushman,* with him, of counsel, *Winokur & Kahn,* for appellant.

*Richard D. Harburg,* with him *Swartz, Campbell & Detweiler,* for appellees.

OPINION PER CURIAM, January 30, 1973:

This is a workmen's compensation case. We affirm the order of the court below upon the able opinion of Judge CODY, written for the Court of Common Pleas of Philadelphia County, which follows:

"This claim for workmen's compensation was dismissed by the referee and, on appeal, by the Workmen's Compensation Board. The claimant appealed to the common pleas court, which affirmed the order of the Board and dismissed the appeal. . . .

"The claimant was employed as a house mother by the defendant and had in her care a group of five teenage girls, described as emotionally disturbed children, mainly from broken homes, towards whom her relationship may best be stated to be that of one standing in loco parentis. She lived with them, prepared their meals, listened to their problems, met their dates and instructed them in the care of their clothing, their rooms and themselves. She claims that on January 29, 1967, she was attacked by one of the girls and severely

beaten for about fifteen minutes, as the result of which she suffered a myocardial infarction, for which she was hospitalized the following day.

"We have examined with care the testimony on behalf of the claimant and on behalf of the defendant, which we will not here repeat in detail. The referee and the Board disbelieved the claimant's version of the incident and accepted that of the girl immediately involved and one of her companions who was present at the time.

" 'It is not the province of the reviewing court to weigh conflicting testimony or to decide what inferences should be drawn therefrom: McCafferty v. Masten Transportation, Inc., 205 Pa. Superior Ct. 239, 209 A. 2d 11. The credibility and weight of the testimony is for the Board: Verna v. Stabler, 204 Pa. Superior Ct. 87, 203 A. 2d 578. . . . It was for the Board to determine whether claimant had sustained her burden to prove all the elements necessary to support an award, including causal relationship: McFarlane v. Mellon-Stuart Co., 205 Pa. Superior Ct. 66, 208 A. 2d 40. Since the Board found against the party having the burden of proof, the question on review is not whether the findings of fact are supported by the evidence, but whether there has been a capricious disregard of competent evidence: Bailey v. Smith Truck Lines, Inc., 206 Pa. Superior Ct. 447, 214 A. 2d 290': Pudlosky v. Follmer Truck Co., 206 Pa. Superior Ct. 450 (1965).

"There is no showing that the Board disregarded competent evidence, capriciously or otherwise. On the other hand, the chairman's opinion demonstrates that consideration was given to the testimony of each of the witnesses, and that the board made its findings and reached its conclusion after a study of the entire record. While it is not within the scope of judicial review, as we have indicated, to weigh the testimony or to judge credibility, we cannot ignore what appears to us to be

the inherent improbability of the claimant's version of the incident and the many respects in which the testimony of others throws doubt upon her testimony,—that none of the eyewitnesses of the incident were called by the claimant, and that those who were called by the defendant testified in contradiction of the claimant; that no complaint of the incident was made by the claimant to her superior or to other adult occupants of the cottage; that the claimant's body bore no evidences that would substantiate a beating of such severity as that which she described; and that the conclusions of her medical expert were based on his acceptance of the truth of the claimant's version which the referee and the board have rejected.

"Our review of the entire record convinced us that, as the referee found, 'the claimant has failed to sustain the necessary burden of proving her case with the kind and quality of evidence required,' and that the Board in its review did not capriciously disregard any of the evidence."