## L & A Products, et al. *v.* McKeown, et al.

Argued April 9, 1973, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Roger B. Wood,* with him *Joseph R. Thompson,* for appellants.

*Albert Ring,* with him *Don F. D'Agui* and *D'Augi & Del Collo,* for appellee.

OPINION BY JUDGE ROGERS, May 10, 1973:

This substantively routine workmen's compensation case took, at the last moment, an unusual turn.

The claimant, Frances M. McKeown, contends that she injured her back in the furtherance of the work of her employer, L & A Products, when on June 26, 1967 she either slipped, tripped, stumbled, or lost her bal-

ance causing injury to her back. The employer denied an accident and a referee dismissed the claim petition on the ground of no accident on July 8, 1970. The claimant's appeal was heard by the Workmen's Compensation Board on October 7, 1970.

On December 31, 1971, all of the members of the Workmen's Compensation Board were removed from office by the Governor and three new Commissioners took office on January 3, 1972. In late January 1972 counsel for the parties received written notice from the Board that the case had not been disposed of by the predecessor Board and that they might have reargument. Reargument was conducted on March 22, 1972, and by decision dated July 21, 1972 the Board sustained the claimant's appeal from the referee, found that an accident had occurred and that the claimant was totally disabled.

A timely appeal from the order of July 31, 1972 was taken to this court and our certificate commanding the Board to certify to us "[t]he entire Record as before you they now remain . . ." duly issued. The record certified to us included an opinion and order of the predecessor Board bearing what appears to be the signature of all three of the former Commissioners and, in typing at the end, the notation "11-3-71-Em." This opinion and order affirmed the referee's finding that no accident had occurred and concluded that the unusual pathological result doctrine was not of application because the claimant had a preexisting back ailment.

The former Board's order was not docketed by the Department of Labor and Industry, no notices thereof were sent to the parties and its existence was unknown to either party until the employer's counsel was asked by his printer whether it should be reproduced on this appeal.

The employer urges us to set aside the order of the new Board, find that the order of the old Board was

the legal and proper order, and either affirm the old Board outright or reinstate it and afford the claimant an opportunity to appeal. The claimant contends that we should simply ignore the order of the old Board, on the ground that there is no proof that the signatures are those of the former Commissioners or that it was filed before they left office, or because the new Board's declaration that no opinion of the old Board had been filed is somehow conclusive of that fact.

Remarkably, there is a case on the general subject. In *Wheeler v. National Nayle Grip Co.,* 149 Pa. Superior Ct. 596, 43 A. 2d 391 (1942), a Board made an award by an opinion bearing two dates, one as of a time before and the other as of a time after it was removed from office. Unlike the instant case, however, the opinion was sent out to the parties. A newly appointed Board filed an opinion finding that the findings and conclusions of the old Board were void and dismissing the claim. On appeal, a Court of Common Pleas reversed the decision of the new Board and entered judgment on the award of the former Board. The Superior Court affirmed, noting that there was no evidence that the opinion of the old Board was filed later than the first date and declaring that there was a presumption that it was filed on time. In *Wheeler, supra,* the factual issues concerning the old Board's order were threshed out in the Court of Common Pleas. Here, there has been no opportunity for such an examination.

The scope of our review will here depend upon which opinion we must review. If we are to review the old Board's opinion which found against the claimant, the test is whether it capriciously disregarded competent evidence. *Field v. Carson Valley School,* 7 Pa. Commonwealth Ct. 116, 299 A. 2d 690 (1973). If we are to determine the merits of the new Board's opinion awarding compensation, we must decide whether there is substantial evidence to support the award, giving the claim-

.

ant the benefit of the most favorable inferences to be drawn from the testimony. *Bambrick v. Asten Hill Mfg. Co.*, 5 Pa. Commonwealth Ct. 664, 291 A. 2d 354 (1972).

We must, therefore, remand the record to the Workmen's Compensation Appeal Board so that it may conduct a hearing and make findings and conclusions concerning the effectiveness of the order of the old Board which is in the record. If the Workmen's Compensation Appeal Board shall determine that the order of the old Board was ineffective, it may reinstate its order of July 31, 1972 and the employer shall be entitled to appeal from that decision and to renew its appeal from the reinstated order. If the Workmen's Compensation Appeal Board shall determine that the order of the old Board is effective, it should be docketed by the Department and notices mailed to the parties and the claimant shall be entitled to appeal from the determination of effectiveness as well as from the order of the old Board.

## Order

The order of the Workmen's Compensation Appeal Board made July 31, 1972, here appealed from, is vacated; and the record remanded to the Workmen's Compensation Appeal Board for further proceedings consistent with this opinion.