L & A Products and Liberty Mutual Insurance Company, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Frances M. McKeown, Appellees.

Argued January 8, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Stephen J. Schofield,* with him *Joseph R. Thompson,* for appellants.

*Albert Ring,* with him *D'Agui & Del Collo,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, February 28, 1975:

This is an appeal by L & A Products and its insurance carrier, Liberty Mutual Insurance Company, (appellants) from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a prior order of the Board reversing a referee and awarding compensation to Frances M. McKeown (claimant).

This case began nearly eight years ago when, on June 26, 1967, claimant injured her back while in the course of her employment with L & A Products. On September 3, 1968, claimant filed a claim petition with the Bureau of Workmen's Compensation. Hearings on claimant's petition were then held before a referee who subsequently issued an order dismissing the petition, based on his findings of fact and conclusion of law that claimant had not suffered an "accident" within the meaning of The Pennsylvania Workmen's Compensation Act (Act).[1]

Claimant appealed to the Board, and the Board, in an order dated November 3, 1971, affirmed the referee.

---

1. Act of June 2, 1915, P. L. 736, *as amended,* 77 P.S. §1 et seq.

However, this order of the Board was not filed until January 28, 1972, well after the term of office of its then members had been terminated. The effect of this action was previously before this Court in *L & A Products v. McKeown*, 8 Pa. Commonwealth Ct. 655, 304 A. 2d 702 (1973), wherein we remanded the case to the present Board to conduct a hearing and make findings and conclusions concerning the effectiveness of the former Board's order. The Board followed our remand order and, in an opinion dated May 16, 1974, concluded that the order of the former Board had no authority since it was filed subsequent to the termination of the terms of office of its members. Neither party takes issue with this action by the Board, and it is, therefore, not an issue in this appeal.

The sole issue before us in this appeal is the propriety of the action of the present Board in an opinion dated July 31, 1972,[2] reversing the referee's findings of fact as to the manner in which claimant's injury occurred and substituting its own findings in reaching a conclusion that claimant was entitled to compensation.

Once again, we are faced with an interpretation and application of our decision in *Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973). In *Cyclops* we stated that the 1972 amendments to the Act make the referee, not the Board, the ultimate factfinder and that the Board (unless

---

2. After the former Board was removed from office on December 31, 1971, a new Board was appointed by the Governor on January 3, 1972. The new Board, apparently unaware of the prior Board's order of November 3, 1971, notified the parties that the case had not been disposed of and that they might have reargument. Reargument was heard on March 22, 1972, and the Board, by decision dated July 31, 1972, reversed the referee. Then the Board, in an order dated May 16, 1974, on remand from this Court, declared the former Board's order of November 3, 1971, of no effect and affirmed its order of July 31, 1972. Appellants are not before us on their appeal from this order of the Board.

it hears new evidence) is bound by the referee's findings of fact if they are supported by competent evidence. We also held that this change in the Board's scope of review is procedural and applies to all cases which the Board decided after May 1, 1972.

Since the Board decided the present case after May 1, 1972, without taking additional evidence, it was error for the Board to reverse the referee's findings unless they were not supported by competent evidence in the record. Our careful review of the record convinces us that the findings of the referee are supported by competent evidence. Therefore, we reverse the Board's award of compensation.

The pertinent findings of the referee are as follows: "2. On June 26, 1967 the claimant in the course of her employment while picking up a lamp, weigting [sic] approximately 35 lbs bend [sic] down, and she heard a cracking noise in her back, which she experienced pains in the evening. 3. On June 26, 1967 the claimant was performing her usual work, in her usual manner and did not meet with an accident, within the meaning of the Pennsylvania Workmen's Compensation Act."

These findings are supported by evidence in the record; most notably, the testimony of Dr. Philip M. Lessig as to the history given him by the claimant on her admission to the hospital.

Under the Act, as it was written at the time of claimant's injury, her accident was not compensable if it occurred in the manner as found by the referee in finding No. 2. *See Hinkle v. H. J. Heinz Company,* 7 Pa. Commonwealth Ct. 216, 298 A. 2d 632 (1972). Claimant testified that the accident occurred in a manner which would have been compensable,[3] but it is clear from the referee's finding that he gave more weight to what

---

3. Claimant alleged that she slipped and stumbled and twisted her back.

claimant told Dr. Lessig shortly after the accident then to what she stated subsequently. Of course, it is for the referee to decide the credibility of the witnesses before him, and both the Board and this Court are bound by his determination. *See Edison Hotel v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 101, 312 A. 2d 492 (1973).

In conclusion, we find that the Board committed an error of law by reversing the referee's findings as to how claimant's injury occurred. We also conclude (although it is not contested) that these findings support the legal conclusion that claimant did not suffer a compensable accident under the Act.

Therefore, we issue the following

ORDER

AND NOW, this 28th day of February, 1975, the order of the Workmen's Compensation Appeal Board dated July 31, 1972, as reinstated by the order dated May 16, 1974, is reversed, and the claim of Frances M. McKeown is dismissed.